## In re GREEN et al.

No. 22355.  Opinion Filed Oct. 11, 1932.

Rehearing Denied Dec. 6, 1932.

J. R. Keaton and Ben F. Williams, for State Bar of Oklahoma.

James B. Diggs, Joseph C. Stone and William C. Liedtke, for M. E. Turner and K. B. Turner.

E. J. Van Court, for Hazen Green.

Hall & Thompson, for Thomas A. Chandler.

W. T. Anglin, for Jack G. Harley.

McNEILL, J.  This is a proceeding to review an order of the Board of Governors of the State Bar of Oklahoma made December 18, 1930, recommending the disbarment of Hazen Green, Jack Harley, M. E. Turner, K. B. Turner, and Thomas A. Chandler.  The grounds for disbarment grew out of a divorce proceeding between Exie Fife (Exie Jackson), an Indian ward of the government, and her white husband, Berlin Jackson.  Hazen Green and Otho Green, father and son, represented Exie Fife, and later they secured the services of Ex-Congressman Thomas A. Chandler.  The firm of Turner, Turner, Harley & Parris represented the defendant, Berlin Jackson.

It appears that Exie Fife and her husband commenced to have marital difficulties. about six months after their marriage. There is testimony to the effect that they had agreed upon a tentative settlement of $10,-000 to be paid by Exie Fife to her husband as a property settlement in the event Exie Fife secured a divorce.  Exie Fife was less than 20 years of age, and had received large sums of money which were restricted and held by the United States government through the development of oil from her restricted lands.  Exie Fife brought her action for divorce against her husband. Berlin Jackson, on the ground of cruelty and nonsupport.  An answer was filed denying those grounds by the attorneys for Berlin Jackson.  Berlin Jackson was not present at the time of the trial and failed to testify in his own behalf.  The court awarded judgment in favor of Exie Fife, and on the same day the decree was granted, a check in the sum of $50,-000 was delivered by the government

to Berlin Jackson.; also, one check for $250 as payment for attorneys' fees to Green & Green, and one check for $250 as attorney fees for T. A. Chandler, which checks appear to have been delivered to the parties at Eufaula.

It appears that after the attorneys were retained in this case an agreement was entered into between Exie Fife and Berlin Jackson by which Exie Fife was to pay Berlin Jackson the sum of $35,000. This agreement was thereafterwards modified so as to provide for the payment of $50,000 instead of the sum of $35,000, $15,000 of which was to be paid by the said Berlin Jackson to the attorneys of Exie Fife. Berlin Jackson was to receive but $15,000. The balance was to be paid to the attorneys and to certain other persons to induce Exie Fife to approve and execute the agreement whereby the government would pay out this sum of $50,000 from her funds for alimony, attorney fees, and expenses in connection with and in settlement of her divorce matters. It is contended on the part of the respondents that in recopying the agreement the provision in relation to the fees for attorneys for plaintiff, which were provided therein to be fixed by the Superintendent of the Five Civilized Tribes, was incorporated in the new agreement by inadvertence, and that they were not aware that such provision was retained in the final stipulation and agreement submitted for approval to the Superintendent of the Five Civilized Tribes. This agreement provided that the attorney fees of the plaintiff were to be fixed by the Department in the sum of $500. whereas they had agreed that out of the sum of $50,000. Berlin Jackson was to pay Exie Fife's attorneys the sum of $15,000.

Thereafter an indictment was returned by the grand jury in the United States District Court for the Eastern District of Oklahoma charging each of the aforesaid attorneys with conspiracy to defraud the United States government out of the services of Shade E. Wallen, the Superintendent of the Five Civilized Tribes, by causing him to approve a contract by the terms of which he thought all the money was to be paid to Berlin Jackson, and no part of the same to the attorneys of Exie Jackson, and that said superintendent was to fix such sums of Exie Jackon's attorneys in the sum of $500. Each of said defendants was convicted in said court. Appeal was taken therefrom to the United States Circuit Court of Appeals, Eighth Circuit, wherein that court stated in the case of Green v. U. S. 28 Fed. (2d) 965, as follows:

"The proofs were amply sufficient to sustain the charge made and to support the verdict of the jury. In this connection, it is claimed that there had been no agreement between Exie Fife and Jackson for the payment of $10,000 in full satisfaction of a property settlement. The testimony of the two principals and of the Carrs sufficiently presented this issues to the jury, and the record as a whole supports the view that such a contract was made and would have been consummated except for the intervention of the conspiracy charged."

Thereafter a civil proceeding was instituted by the United States government, which resulted in M. E. Turner and K. B. Turner repaying to the United States government all the money which the United States claimed was unjustly received by them, amounting to something over $20,-000. On December 21, 1930, the Board of Governors of the State Bar of Oklahoma filed an accusation against said attorneys, alleging that said attorneys had been convicted on the 1st day of April, 1927, in the District Court of the United States in and for the Eastern District of Oklahoma, in the case of U. S. v. Hazen Green et al., of the felony, to wit, conspiracy to defraud the government of the United States, and thereby subjecting themselves to suspension and disbarment from the practice of law in the state of Oklahoma. A hearing was had on said accusation on February 11, 1930, by three commissioners designated by the State Bar. Subsequent thereto proceedings were held before the Board of Governors of the State Bar of Oklahoma, and on December 18, 1930, said board made recommendations to this court recommending the disbarment of M. E. Turner, K. B. Turner, Jack G. Harley, Hazen Green, and T. A. Chandler, and reserving for further disposition the case against Otho Green and Harry B. Parris.

The Board of Governors made findings of fact and conclusions of law, and found that said attorneys were convicted of the crime of conspiracy under the laws of the United States in the Eastern District of Oklahoma; that the crime of which respondents were convicted involved moral turpitude, and then made conclusions of law as follows:

"First: That the proceeding was controlled by section 4106, Compiled Oklahoma Statutes 1921: and.

"Second: That the Supreme Court has construed said section to mean that a conviction of a felony or misdemeanor involving moral turpitude necessarily calls for disbarment; that is, makes disbarment necessary."

The Board of Governors then ordered the

disbarment of said attorneys with the exception of said Otho Green and Harry B. Parris. Governor C. Guy Cutlip and Governor W. E. Utterback filed dissenting opinions. Said attorneys duly filed their petition for review and counsel for attorneys Turner & Turner assigned the following grounds for review.

"1. That the conclusion of law of a majority of the Board of Governors that, under the prior decisions of this court, disbarment must follow conviction, without regard to any fact or circumstance, is erroneous and not supported by the decisions of this court.

"2. That, under section 4106 of the Compiled Oklahoma Statutes 1921, on conviction of a felony or misdemeanor involving moral turpitude, disbarment is not mandatory, but that judgment of disbarment, suspension, or less penalty may be awarded and adjudged, as in the opinion of the Board of Governors and this court, justice may require.

"3. That the first paragraph of section 4106 of said statutes applies only to conviction had under a statute of the state of Oklahoma and the record of conviction under said paragraph is conclusive evidence only of conviction in a state court of Oklahoma under a statute of the state of Oklahoma.

"4. That if section 4106 of the Compiled Oklahoma Statutes 1921, applies to this proceeding, only the second and third paragraphs of such section so apply and the conviction set out in the record is only evidence of the fact of conviction and does not preclude inquiry into the moral guilt of these respondents and the question of guilt and the degree thereof is for the decision of the Board of Governors with the approval of this court.

"5. The record discloses the following facts: These respondents, in a lifetime of the practice of law, have never been guilty of or been accused of any moral delinquency, crime or unprofessional conduct except the single transaction resulting from the conviction set out in the record and that their individual and professional conduct before and after such conviction has, except for the transaction resulting in such conviction, been free of blemish or reproach and that the alleged crime of which they were convicted was, as stated by the trial judge, on the 'borderland' of the law, and was only, as he stated, 'technical,' and in said transaction these defendants did not intend to, and, as the trial judge stated, these respondents did not think 'they were violating the law,' and, notwithstanding such conviction, they have retained and do now enjoy the confidence and esteem of the business community of their county and surrounding counties, of public officials, the bar, and the county and district judges of their county and neighboring counties, all testifying that respondents' further continuance in the practice of law would not reflect on or bring reproach to the bar or bench nor endanger the interests of clients or the public, and this in the community in which all the facts of the transaction on which the conviction was based were known to and discussed by the public and their practice remained undiminished and every cent of the money received in the transaction by the firm of which the respondents Turner and Harley were members was by that firm paid or returned to the United States, and that the trial judge who tried the case heard all the evidence and stated that he had not and did not intend to disbar the respondents.

"Under these facts, these respondents each say that the Board of Governors of the State Bar were in error in finding and recommending that they or either of them should be disbarred and that said board erred in not finding and recommending that the disbarment proceedings pending against them should be dismissed or a lighter penalty than disbarment awarded.

"6. That this proceeding is based on the grounds of disbarment prescribed by the Board of Governors of the State Bar and not under section 4106 of the Compiled Oklahoma Statutes 1921, and the Board of Governors of the State Bar committed error in not so holding and in awarding or recommending a judgment for disbarment.

"7. That this proceeding is either brought under paragraphs second and third of section 4106 of Compiled Oklahoma Statutes 1921, or is brought on the sixth ground provided by the Board of Governors of the State Bar and, in either case, the first paragraph of said section has no application and the Board of Governors of the State Bar and this court can award any penalty ranging from disbarment to public or private reproof, as may be deemed called for under the facts, and the Board of Governors of the State Bar committed error in holding that disbarment was the sole and only penalty that could be awarded and in not dismissing said proceeding or awarding or recommending a less severe judgment than that of disbarment.

"8. The finding of the Board of Governors that the offense of which respondents were convicted involved moral turpitude is without support in the record, unless it be said that the mere fact of conviction incontestably imports moral turpitude, and the Board of Governors of the State Bar committed error in not so holding.

"9. Under the facts as disclosed by the record, the Board of Governors of the State Bar committed an abuse of discretion in holding and recommending that these respondents should be disbarred and such abuse of discretion should be corrected by this court."

Counsel for said attorneys contend that the facts do not justify their disbarment under section 4106, C. O. S. 1921, and that such order of the Board of Governors must be based under the second and third paragraphs of said section for the reason that the first paragraph of said section is especially limited to convictions under a statute of Oklahoma, and that as said conviction was not under a statute of the state of Oklahoma or a court of the state of Oklahoma, such conviction is not conclusive evidence of guilt or of moral turpitude, and that the judgment of conviction in the federal court is conclusive of only one fact, namely, the fact of conviction in cases where such fact would be relevant. The Board of Governors in their second finding of fact stated as follows:

"That the Supreme Court of the state of Oklahoma has construed the first subdivision of section 4106, supra, to mean that when a conviction of a felony or misdemeanor involving moral turpitude is admitted or proved, that the attorney must be disbarred."

Oklahoma cases are cited in support of this contention.

However, it is now conceded by the briefs of the attorneys for the State Bar that the Board of Governors was in error in holding that disbarment in this case was mandatory, and that such board was not legally bound, regardless of the facts developed in the trial of the case of United States v. Hazen Green et al., to find and recommend that said attorneys be disbarred. This is a recedence from the position assumed by the Governors at the time of the rendition of their order and recommendation for disbarment of said attorneys. The evidence as developed in the case of United States v. Green et al. and the conviction in that case were competent for the consideration of the Board of Governors.

Section 4106 applies only to convictions under a statute of Oklahoma as conclusive evidence of guilt. The record in the federal court is not binding and conclusive upon this court, but was competent for the consideration of this court to determine from all the facts and circumstances whether said respondents were guilty of the facts alleged against them. In this case the offense, if committed, was prior to the enactment of the State Bar Act.

Section 4106, C. O. S. 1921, provides:

"The following are sufficient causes for **suspension or revocation:**

"First. When he has been convicted of a felony under the statutes of Oklahoma, or a misdemeanor involving moral turpitude, in either of which cases the record of conviction is conclusive evidence.

"Second. When he is guilty of a willful disobedience or violation of any order of the court requiring him to do or forbear any act connected with or in the line of his profession.

"Third. For the willful violation of any of the duties of an attorney or counselor."

The construction by the Board of Governors placed upon section 4106, supra, strikes from said section of the statute the words "suspension or" and makes revocation mandatory. Said statute does not warrant this construction. A careful reading of the cases cited by the Board of Governors does not uphold the theory that disbarment is mandatory under a conviction in the federal court.

In Elliot and Chitwood Cases, In re Disbarment of Elliott, 122 Okla. 180, 253 P. 103, In re Disbarment of Chitwood, 122 Okla. 182, 253 P. 104, cited by the board, pleas of guilty were made to the charges setting forth their guilt, amounting to an admission of the facts charged against them. In the Green Case, supra, each of said attorneys denied their guilt. We think the correct rule to apply in reference to a conviction for a felony in the federal court is that there is nothing in said statute which requires that disbarment be mandatory. This court should not be tethered, but should review all proceedings in disbarment matters and exercise its judgment as to whether there should be a disbarment or suspension.

In view of the foregoing, this matter is remanded to the State Bar of Oklahoma for further proceedings and recommendations to this court not inconsistent with the views herein expressed.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, and HALL, JJ., concur. CLARK, V. C. J., dissents. KORNEGAY, J., disqualified and not participating. HEFNER, J., absent.