State of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

Francis M. HOUTS, Respondent.

No. S. C. B. D. 2072.

Supreme Court of Oklahoma.

Oct. 25, 1966.

Rehearing Denied Nov. 22, 1966.

Jack Swidensky, Gen. Counsel, Oklahoma Bar Association, for complainant.

Francis M. Houts, pro se.

JACKSON; Vice Chief Justice.

In January, 1966, a federal grand jury for the United States District Court for the Western District of Oklahoma returned an indictment against Francis M. Houts, an Alva attorney, charging him in three counts with violations of 26 U.S.C., Sec. 7201 (wilfully and knowingly attempting to evade and defeat income tax due and owing, by filing a false and fraudulent income tax return). It was charged in effect that (Count 1) for the calendar year 1960, Houts wilfully and knowingly reported a taxable income of $12,425.12, when the true figure was $24,917.27; (Count 2) that for 1961, the comparable figures were $13,124.61 and $32,391.63; and (Count 3) that for 1962 they were $21,914.47 and $48,516.32.

On March 28, 1966, Houts appeared before the United States District Court and entered a plea of nolo contendere to the charge contained in Count 3 of the indictment, and was thereafter found guilty by the court. He was assessed a fine of $10,-000 and was placed on probation for three years. At that time Counts 1 and 2 of the indictment were dismissed on motion of the prosecuting authorities.

On April 19, 1966, the Executive Council of the Oklahoma Bar Association filed with this court its Report of Findings and Recommendations setting out the above information, and attaching certified copies of the proceedings in the United States District Court. Pursuant to the provisions of Article VII, Part Two, Sec. 7 of the Rules Creating, Controlling and Regulating the Oklahoma Bar Association, it recommended that Houts be disbarred from the practice of law in Oklahoma. At that time (April 19, 1966) Section 7, supra, provided:

"Upon receipt of a certified copy of the record of conviction of a member of the Association of a felony, the Court shall suspend such member until the time for appeal has elapsed or the judgment of conviction has been affirmed on appeal. The Court shall order such mem-

ber disbarred when the time for appeal has elapsed without an appeal or when the judgment of conviction has been affirmed on appeal. The Court shall order such member reinstated upon a reversal of such conviction on appeal or upon the granting of a new trial."

It is conceded that the indictment charged Houts with the commission of a felony, and that the conviction has become final without an appeal. No contention is made that Respondent was not guilty as charged in Count 3 of the indictment.

Respondent presents his argument to this court under two propositions, as follows:

"1. That disbarment is not mandatory under Section 7, Part II, Article VII of the Rules Regulating the Oklahoma Bar Association."

"2. That action in a disciplinary case is to be determined from consideration of specific facts and circumstances."

■ In support of his Proposition No. 1, that disbarment is not compulsory, Respondent invites our attention to Baker v. Miller, 236 Ind. 20, 138 N.E.2d 145, 148, 59 A.L.R.2d 1393, and In re Green, et al., 161 Okl. 1, 16 P.2d 582. The Baker case involved the question of whether in imposing discipline the court was limited by statutory enactments, and the Green case involved a construction of Section 4106, C.O.S.1921, and neither case is precisely in point. Article VII, Part Two, Section 7, supra, has been a rule of this court at least since 1951. 5 O.S.1951, Chap. 1, Appendix (Article 6, Sec. 3(8), Rules Creating, Controlling and Regulating the Oklahoma Bar Association. It follows that the Oklahoma Bar Association correctly brought this felony conviction to the attention of this court in compliance with the rule and procedure then in existence.

On September 14, 1966, this court adopted (new) Rules Creating and Controlling the Oklahoma Bar Association to become effective upon publication in the Oklahoma Bar Journal. These rules, and the order adopting, were published on September 24, 1966 (37 O.B.A.J. 1725, et seq.). Article XVIII, Section 1, of the (new) Rules revokes prior Rules but also provides among other things that "this revocation * * * shall not affect any pending disciplinary matters * * *."

Article VII, Part Two, Section 7, provides, without limitation, that when the court receives a certified copy of the record of final conviction of a member of a felony such member shall be disbarred.

68 O.S.1961, § 919, provides that any person who with intent to defraud the State or evade the payment of any income tax files a state income tax return which is false in any material item or particular shall be guilty of a felony. Thus by statutory enactments the filing of false income tax returns with intent to evade the payment of taxes, whether state or federal, constitutes a felony and is cause for disbarment under Art. VII, Part Two, Section 7, supra.

■ Under Respondent's second proposition it is argued that the degree or severity of discipline to be imposed in any case should be determined from a consideration of all the facts and circumstances, including the prior reputation and conduct of the accused. An examination of the annotation appearing in 59 A.L.R.2d 1398 (State Court Disciplinary action against attorney for federal income tax evasion), and in 5 A.L.R.2d, Later Case Service, beginning at page 643, discloses that only a limited number of states have followed a rule that conviction of a felony alone is sufficient to disbar. Our new Rules, Article IX, Sec. 11 (37 O.B.A.J. p. 1734), provide in effect that when a member of the Association is convicted of a felony involving moral turpitude he will have an opportunity to show cause why he should not be disciplined. At the time the instant case was being considered by the Executive Council (now Board of Governors) there was no provision for a hearing or authority to recommend, other than disbarment.

Since this case is controlled by the old Rules we are constrained to follow the old rule and impose disbarment. The conviction in the criminal case was for *wilfully and knowingly attempting to evade income taxes by filing a false and fraudulent income tax return*. This suggests that moral turpitude is involved. In any event the conviction is evidence of substandard professional conduct and may not be ignored.

The new rules, Article X, Section 20 (37 O.B.A.J. p. 1740), provide procedure for reinstatement of a member who has been suspended or disbarred, and no procedural distinction is made whether the member has been suspended or disbarred. At the hearing for reinstatement, which should be granted Respondent as early as is practicable after the application has been filed, Respondent will have an opportunity to present evidence in mitigation of the discipline imposed and when he should be reinstated, and the Board of Governors and this court will be better able to determine the action to be taken upon the application for reinstatement.

Considering the foregoing it is the order of this court that Respondent be disbarred.