IN RE JOHN M. KLINE.

No. 11987.
Dec. 7, 1970.
477 P.2d 881.

ORDER

PER CURIAM:

On March 27, 1970, an information was filed in the United States District Court for the District of Montana, Helena Division, charging John M. Kline with numerous violations of the Internal Revenue Code of the United States, 26 U.S.C., Sec. 7203.

On April 13, 1970, John M. Kline, being represented by counsel, entered a plea of guilty to ten of the counts contained in the information. The charges contained in the counts to which he entered a plea of guilty were failure to file an income tax return for the year 1963 upon a charged gross income of $26,981.79, and for the year 1966 upon a charged gross income of $80,428.23; failure to make a return of federal income taxes withheld from wages of employees and federal insurance contributions act taxes for the first quarter of 1964 in the amounts of $279.30 and $175.23; for

the second quarter of 1964 in the amounts of $259.80 and $219.78; for the third quarter of 1964 in the amounts of $466.60 and $284.52; for the fourth quarter of 1964 in the amounts of $496.70 and $213.17; for the first quarter of 1968 in the amounts of $312.90 and $321.41; for the second quarter of 1968 in the amounts of $330.10 and $328.21; for the third quarter of 1968 in the amounts of $287.47 and $299.56; and for the fourth quarter of 1968 in the sums of $298.60 and $293.30. The total amount of federal income taxes withheld from his employees by Kline and not reported was $2,766.47, and the total amount of federal insurance contributions act taxes not reported was $2,135.18.

Each of the counts charged against Kline to which he entered his plea of guilty are misdemeanors. The Federal District Court on July 9, 1970, imposed a sentence upon John M. Kline of one year upon each of the ten counts to which he entered a plea of guilty, to run concurrently, and suspended all but sixty days of the jail sentence. The sixty days were served by Kline in the Cascade County jail at Great Falls, Montana.

The matter was referred to the Commission on Practice of this Court and they have presented to this Court their decision and recommendation. Such commission in considering this matter took note of the provisions of section 93-2026, R.C.M.1947, and the provisions of 1-102 of the Code of Professional Responsibility (1969) adopted by the American Bar Association. Under the provisions of section 93-2026 this Court has exclusive jurisdiction to remove or suspend attorneys on the grounds therein set forth, including: "His conviction of a felony or misdemeanor involving moral turpitude, in which case the record of conviction is conclusive evidence."

The Commission on Practice concluded that the charges contained in the various counts heretofore mentioned which involved failure to make a return of withholding taxes withheld from employees involved moral turpitude.

The Commission on Practice further concluded that while a division of authority exists in the decided cases with respect to evasion of income taxes, both in federal courts and state courts, it was their opinion that the counts charging evasion of income taxes, though charging misdemeanors, did involve moral turpitude but by reason of their decision noted in the preceding paragraph it was not necessary for the Commission to make any determination thereon.

The Commission on Practice recommended to this Court that John M. Kline be suspended for a period to be determined by the Court, but that he not be disbarred.

■ The decision and recommendation of the Commission on Practice having been considered by the Court, we concur in the recommendations of the Commission (1) that failure to make a return of withholding taxes withheld from employees is an offense involving moral turpitude, and (2) that John M. Kline should be suspended from the practice of law.

■ While it is not necessary in view of the situation here prevailing, we do wish to express our view that the members of the Montana Bar may be guided thereby, that evasion of income taxes, both federal and state, does involve moral turpitude.

Now therefore, it is hereby ordered that the license of John M. Kline to engage in the practice of law be, and it hereby is indefinitely suspended.

During such period of suspension John M. Kline shall completely disassociate himself from the practice of law in every particular and shall forthwith and immediately transfer to other counsel all legal matters in which he has been engaged or employed as counsel.

The Clerk of this Court shall give notice of this order to John M. Kline and his counsel, Lloyd J. Skedd, Esq., by certified mail, and the judges and clerks of the district courts of the Seventh, Twelfth, Fifteenth and Seventeenth Judicial Dis-

tricts, the Chairman and Secretary of the Commission on Practice, the Hon. Russell E. Smith, Hon. James F. Battin, Hon. William D. Murray and Hon. William J. Jameson, Federal District Judges, and the Clerk of the Federal District Court for the District of Montana and the Clerk of the Ninth Circuit Court by ordinary mail.