**STATE BOARD OF LAW EXAMINERS,**
**Complainant,**

v.

**William C. HOLLAND, Respondent.**

**No. 4055.**

Supreme Court of Wyoming.

March 3, 1972.

Clarence A. Brimmer, Atty. Gen., for complainant.

Burgess, Kennedy & Davis, and Henry A. Burgess, Sheridan, for respondent.

Before McINTYRE, C. J., and PARKER, McEWAN and GUTHRIE, JJ.

PER CURIAM.

Proceedings were instituted on August 24, 1971, under § 33–54, W.S.1957, and Rule 22, Rules of the Supreme Court, for the discipline of William C. Holland (an attorney duly admitted to practice law before the courts in the State of Wyoming) by reason of alleged unprofessional conduct constituting legal cause for his suspension, revocation of his license, disbarment, or subjection to other discipline. Specifically, the complaint alleged that (1) he was convicted on a plea of nolo contendere (no contest) in the United States District Court for the District of Wyoming of a violation of 26 U.S.C. § 7203, willfully and knowingly failing to make an income tax return for the calendar years 1963, 1964, 1965, and 1967, sentence as to imprisonment being suspended and the defendant being fined and placed on probation for one year, and (2) the conviction involved moral turpitude.

When the complaint came on for hearing before the three district judges convened for that purpose, the attorney general introduced evidence of the nolo contendere plea and conviction together with testimony of a member of the Board of Law Examiners that he had been ordered by the board to draft necessary pleadings for the discipline, which had been thereafter instituted by the unanimous consent of that body. The attorney general then rested and Mr. Holland did likewise, introducing no evidence.

The district judges issued findings, reflecting the procedures that had been taken, stated that respondent had been duly convicted of a crime as alleged, that the evidence further showed respondent had failed to perform his duties as an attorney under his oath to uphold and obey a law of the United States of major importance, and that the conviction of willful and intentional conduct involves moral turpitude and constitutes misconduct which is a gross violation of the professional and ethical legal requirements of a member of the Wyoming State Bar. The recommendation of the judges was that respondent be suspend-

ed from the practice of law in the State of Wyoming for a period of five years.

Respondent here objects to the findings and recommendations on three grounds:

1. A plea of nolo contendere cannot form the basis for a conviction within the meaning of § 33-54.

2. Respondent was not convicted of a crime involving moral turpitude.

3. Suspension for the five years is unduly harsh.

■ The first two objections are without merit, this court having previously determined in other disciplinary action that the violation of the mentioned Federal statute in the willful and knowing failure to make an income tax return to the Federal government, resulting in a conviction, regardless of the nature of the plea, involves moral turpitude, which determination is consistent with the views of other courts in the Nation. Furthermore, such behavior patently and manifestly constitutes misconduct, which grossly violates the Wyoming State Bar's professional and legal requirements, specifically Canon 32 of the Canons of Professional Ethics, requiring an attorney to obey the statute law.

■ As to the third objection, this court is inclined to the view that in the light of disciplinary action taken in other cases the recommendation as to length of time of suspension should be tempered by reducing the suspension period from five years to one year, provided that respondent's right to practice law thereafter shall be probational for a period of four years. Accordingly, it is ordered that respondent be suspended from the practice of law for one year from the date of this opinion and that he be and is hereby placed on probation for a period of four years thereafter, during which time his right to practice law shall be subject to summary revocation upon motion of the Board of Law Examiners to this court when the same shall be supported by substantial evidence of violation of State or Federal law or the Canons of Professional Ethics.