## No. 25562

### The People of the State of Colorado v. Ben Klein
(500 P.2d 1181)

Decided September 15, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, L. James Arthur, Assistant, for People of the State of Colorado.

Rice and Rice, William L. Rice, Clanahan, Tanner, Downing & Knowlton, Richard H. Plock, Jr., for attorney-respondent.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This matter arises from a complaint filed by the Attorney General with the Grievance Committee of the Supreme Court of the State of Colorado against Ben Klein, an attorney duly licensed to practice law in Colorado. On December 2nd and 3rd, 1971, the Committee held a formal hearing on the complaint. Thereafter the Attorney General filed a supplemental complaint against respondent. The hearing was reconvened on May 6, 1972.

The Committee made the following findings: On April 17, 1970, an attorney wrote the Denver Bar Association Grievance Committee, complaining that respondent had delayed in handling two claims of a client and that respondent had failed to turn the client's files over to him. Respondent was advised of the complaint. He replied by letter, claiming an attorney's lien on the files for failure of the client to pay certain attorney's fees. Enclosed with the reply letter were

what purported to be carbon copies of letters to the client containing demands for payment and, among other things, accusing the client of a failure to cooperate. The client denied that he ever received any of these letters (except one, which is not relevant here).

At the December, 1971 hearing, respondent testified that he recalled signing the originals of the letters to the client and that the originals would have been mailed in the normal course of business on or shortly after the date on the carbons. The Committee found that this testimony was false and was known by the respondent to be false. Evidence from a documents expert showed that the carbon copies (dated between July, 1968 and December, 1969) were typed on a typewriter which was not shipped to respondent until February 26, 1970.

The respondent further testified that he had mailed bills for unpaid fees to the client on several occasions. However, his explanation for the absence of any file copies of these bills was found by the Committee to be false.

After the December hearing, the Attorney General filed a supplemental complaint charging the respondent with manufacturing evidence and with giving false testimony under oath. Respondent answered the supplemental complaint by denying the charges.

On May 6, 1972, the Committee hearing was reconvened. At this time, respondent offered the Committee a written statement requesting permission to withdraw his answer to the supplemental complaint and admitting that he had prepared false carbon copies of correspondence to the client and that he had testified falsely to the Committee concerning these letters. The respondent claimed that he had prepared the false documents out of panic. He also claimed that the content of the false documents reflected actual conversations that had taken place with the client.

The Committee found that respondent had wilfully and deliberately manufactured evidence and had testified falsely in relation to that evidence. On the basis of these findings, the Committee recommended that respondent be disbarred.

Although respondent filed certain minor exceptions to the findings of the Committee, he did not except to its ultimate findings of perjury and falsification of evidence. The major question raised by respondent is whether his conduct warrants disbarment. He points out that his preparation of the carbon copies and his false testimony injured no one but himself. He urges us to take into consideration his 21 years of unblemished law practice and his years of public service. Finally, respondent submits that his office was an isolated incident and does not represent a pattern requiring protection of the public.

Some of the members of this Court, including the author of this opinion, originally favored disbarment of the respondent. However, in examining the case law in this state we find that we are told that "where there is a comparable case it should be resorted to for guidance in order that uniformity in the administration of justice be achieved as nearly as possible." Colorado cases with analogous situations have resulted in the sanction of suspension. See, *e.g.*, 123 Colo. 390, 229 P.2d 665.

Accordingly, respondent is hereby indefinitely suspended from the practice of law in the State of Colorado and shall not be reinstated for a period of at least three years. Costs attendant to the proceedings before the Grievance Committee in the amount of $849.94 shall be paid by the respondent into the registry of this Court within six months.

MR. JUSTICE ERICKSON not participating.

MR. JUSTICE ERICKSON in not participating states: Before I became a member of this court I participated in a matter which involved the respondent. The nature of the matter was such that in my opinion I should not sit in judgment of the respondent. Accordingly, I elected to recuse myself in this proceeding.