STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

Ollie GRESHAM, Respondent.

SCBD No. 2438.

Supreme Court of Oklahoma.

Nov. 2, 1976.

Paul Vassar, John M. Amick, Oklahoma City, for complainant.

Ungerman, Grabel & Ungerman by Irvine E. Ungerman, Tulsa, for respondent.

BERRY, Justice:

This action involves disciplinary proceeding pursuant to Rules Creating and Controlling the Oklahoma Bar Association, 5 O.S. 1971, Ch. 1, App. 1.

Respondent was charged in Federal District Court, Northern District of Oklahoma, with violating 18 U.S.C. § 1623 by knowingly making false material declaration while under oath before grand jury. He entered plea of nolo contendere and was found guilty.

The present proceeding was instituted pursuant to Art. X, §§ 4(b), 4(c) and 4(d) of the Rules which provide in part as follows:

"(b) A member * * * shall not practice law following conviction of a crime involving moral turpitude * * * regardless of the pendency of an appeal.

"(c) Upon receipt of (1) duly certified copies of the indictment or information and of the judgment of conviction of a member of the Association of a crime involving moral turpitude, in any jurisdiction * * * the General Counsel shall direct the member to appear before the Supreme Court * * * and show cause, if any he has, why the member should not be disciplined. The documents will constitute the charge.

"(d) The documents described in Subsection (c), supra, shall constitute evidence that the member committed the acts as found by the court or foreign trial tribunal, and shall suffice as the basis for discipline in accordance with these rules. The member may, however, submit a certified copy of the transcript of the evidence taken in the trial tribunal as evidence that the finding was not supported by the evidence. Technical and other errors not impeaching the finding of guilt will be disregarded."

General Counsel, pursuant to Art. X, § 4(c), supra, directed respondent to appear before this Court and show cause why he should not be disciplined.

In response to show cause order respondent admits conviction is final, offense involved moral turpitude, and discipline should be imposed. However, he contends acts alleged do not warrant disbarment and he is entitled to offer evidence of good character and circumstances surrounding commission of crime for purpose of mitigation of discipline. He contends discipline should be suspension for particular period of time rather than disbarment.

In support of this contention respondent has presented approximately 100 affidavits from attorneys, judicial officers, former clients, buinessmen, and others. Affiants recognize respondent's past achievements

as member of Bar, and state that in spite of the conviction, it is their opinion respondent is honest and trustworthy, that conviction was sufficient punishment and respondent's continued practice of law would not be detrimental to public or Bar.

Association contends such evidence is not admissible in disciplinary proceeding. We might agree with Association's contention if disbarment were mandatory upon conviction of crime involving moral turpitude. However, if disbarment is not mandatory in such circumstances, evidence concerning attorney's reputation and character should be admissible for purpose of determining appropriate degree of discipline.

In disciplinary proceedings where no criminal conviction has been sustained, we have considered evidence of circumstances surrounding misconduct for purpose of determining appropriate discipline. *State ex rel. Okl. Bar Ass'n v. Maynard,* Okl., 494 P.2d 655; *State ex rel. Okl. Bar Ass'n v. Trower,* Okl., 381 P.2d 142.

Likewise, we have held evidence of good character is relevant in such proceedings.

In *State ex rel. Okl. Bar Ass'n v. Steger,* Okl., 433 P.2d 225 we stated:

"We would be remiss in our duty if we did not give careful and thoughtful consideration to the evidence of good character and reputation of the Respondent * * *"

In *State ex rel. Okl. Bar Ass'n v. Scanland,* Okl., 475 P.2d 373, we stated:

"We do not agree with the General Counsel * * * that the testimony of respondent's eighteen character witnesses is irrelevant. This Court, and other courts, have considered such evidence in determining the disciplinary action to be taken against attorneys in such matters. * * * However, we agree with the rule * * * that: 'Whether or not the reputation of any attorney is of material importance in any disciplinary case must necessarily depend upon the facts and circumstances thereof.' "

Therefore, we must determine whether disbarment is mandatory when attorney is convicted of crime involving moral turpitude.

Rules in effect prior to 1966 required this Court to suspend member convicted of felony until conviction became final, and to disbar member when conviction became final. Art. VII, Part 2 § 7, Rules Creating, Controlling, and Regulating the Oklahoma Bar Ass'n, 5 O.S. 1961, Ch. 1, App. 1. Under those rules evidence in mitigation of discipline was not relevant because disbarment was mandatory when felony conviction became final. See *Oklahoma Bar Ass'n v. Houts,* Okl., 420 P.2d 498. However, under those rules attorney who was disbarred could seek readmission at any time. *Oklahoma Bar Ass'n v. Houts,* supra.

The present rules were adopted in 1971. These rules provide attorney who is disbarred may not apply for reinstatement within five years of effective date of order disbarring him.

There is no provision in present Rules which expressly provides attorney must be disbarred upon final conviction of crime involving moral turpitude.

Art. X § 4(b) could arguably be construed as requiring disbarment in that it provides member shall not practice law following conviction of a crime involving moral turpitude "regardless of the pendency of an appeal."

However, in 1970, the special committee of American Bar Association on Evaluation of Disciplinary Enforcement, submitted its final draft entitled "Problems and Recommendations in Disciplinary Enforcement." At pp. 123–135 the committee discussed problems and recommendations concerning attorneys convicted of crimes. The committee proposed rule almost identical to § 4(b), supra, for purpose of suspending attorney convicted of serious crime during pendency of appeal. The proposed rules further provide once con-

viction has become final, disciplinary hearing shall be conducted to determine extent of final discipline to be imposed.

■ We conclude § 4(b) provides suspension of attorney convicted of crime involving moral turpitude until such time as this Court may determine appropriate discipline.

The other provisions of Art. X § 4, do not refer to disbarment of attorney convicted of crime involving moral turpitude, but refer to discipline of such attorney. Section 4(c) requires member to appear and show cause why he should not be "disciplined", and § 4(d), supra, provides documents described in § 4(c) shall suffice as basis for "discipline."

Furthermore, Art. IX § 4, of the Rules provides in part:

"The commission by any member of the Association of any act contrary to honesty, justice or good morals, whether in the course of his professional capacity, or otherwise, shall be grounds for *disciplinary* action, whether or not the act is a felony or misdemeanor, or a crime at all. * * *" [emphasis added]

Art. IX § 10, supra, provides discipline by the Court shall be disbarment, suspension from practice of law until further order of the Court, public censure, or private reprimand.

■ We conclude Art. X § 4(b), (c) and (d) do not require disbarment of attorney convicted of crime involving moral turpitude, and this Court has discretion in determining appropriate discipline. See In re Smith, 67 Cal.2d 460, 432 P.2d 231; In re Kline, 156 Mont. 177, 477 P.2d 881; *State Board of Law Examiners v. Holland,* Wyo., 494 P.2d 196; *In re Patton,* 86 N.M. 52, 519 P.2d 288.

Therefore, we must determine appropriate discipline in present case.

Respondent entered plea of nolo contendere and we do not have record of all circumstances surrounding his conviction.

The documents on file indicate respondent testified before federal grand jury in Western Judicial District of Oklahoma. The grand jury was investigating alleged diversion of funds from Oklahoma State Examiner's and Inspector's special fund into political campaign fund. Sums were apparently paid to state employees under predetermined plan whereby employees were to contribute part of such sums to campaign fund.

Respondent's testimony indicated lack of prior knowledge of the scheme. The information alleged respondent knew his testimony was not true in that prior to receipt of checks he advised employees to withhold enough to pay taxes and return remainder to him.

■ The primary purpose in disciplining attorneys is not punishment, but purification of the Bar and protection of the courts and public generally. In re Green, 170 Okl. 460, 49 P.2d 197; *State ex rel Okl.Bar Ass'n v. Booth,* Okl., 441 P.2d 405.

However, this is not only purpose. It also serves to deter respondent from committing similar acts in future and acts as restraining influence upon others. *State ex rel. Oklahoma Bar Ass'n v. Scanland,* supra.

■ We note cases from other jurisdictions which have not imposed disbarment in circumstances similar to circumstances presented here. *Mosesian v. State Bar of California,* 8 Cal.3d 60, 103 Cal.Rptr. 915, 500 P.2d 1115; *People v. Klein,* 179 Colo. 408, 500 P.2d 1181; *In re Lenske,* Or., 523 P.2d 1262.

After considering affidavits presented and fact misconduct which resulted in conviction appears to be isolated incident, we conclude disbarment is not warranted in present case.

Respondent voluntarily suspended himself from practice of law on July 4, 1975. We find respondent should be and is hereby suspended from practice of law and

shall not apply for reinstatment for at least 4 years from July 4, 1975.

HODGES, V. C. J., and DAVISON, IRWIN, LAVENDER and BARNES, JJ., concur.

WILLIAMS, C. J., BOX, Special Justice, and DOOLIN, J., concur in part; dissent in part.

ROBERT D. SIMMS, J., having certified his disqualification in this case, the Honorable Dwain Box, was appointed Special Justice in his stead.

DOOLIN, Justice (dissenting):

I concur in that portion of the opinion which finds respondent deserving of punishment and discipline by this court. I dissent to that portion of the opinion which suspends the respondent for a term of four years; under the facts and circumstances I would disbar the respondent.

I am authorized to state that Chief Justice Williams and Acting Justice Box join in this dissent.