STATE of Oklahoma, ex rel. OKLAHO-
MA BAR ASSOCIATION,
Complainant,

v.

Joe ROBERTSON, Respondent.

S.C.B.D. No. 2828.

Supreme Court of Oklahoma.

Nov. 25, 1980.

Rehearing Denied Nov. 24, 1980.

Doyle W. Argo, General Counsel, Oklaho-
ma City, for complainant.

Joe Robertson, Bartlesville, pro se.

HARGRAVE, Justice.

In the complaint filed by the Oklahoma
Bar Association against one of its members,
Joe Robertson, it is alleged that respondent
violated Canons 6 and 7 of the Code of
Professional Responsibility in the course of
representing Ronald R. McGinnis in a case
referred to him, then in the Tulsa County
District Court. The case was referred by
Mr. McGinnis's Kansas attorney and respon-
dent was paid a retainer plus the costs of
removing the action to Federal Court. Re-
spondent effected the removal to the Unit-
ed States District Court for the Northern
District of Oklahoma. The referred action
was subsequently placed on the disposition
docket of February 1, 1978, and notice of
that setting was mailed more than two
weeks prior thereto. Respondent failed to
appear and default judgment in the amount
of $83,667.50 was entered against respon-
dent's client. Notice of default was re-
ceived by respondent and no vacation of
that judgment was attempted. The fact of
the default was not communicated to the
client and the client was led to believe that

the cause was proceeding. The client's Kansas attorney subsequently inquired of the status of the cause and the respondent failed to advise him of the default judgment, representing simply the case was in progress. Mr. McGinnis became aware of the judgment when a U.S. Marshal served execution upon him in Kansas. Through the efforts of the Kansas counsel, the default was vacated and a subsequent jury verdict was obtained in the favor of McGinnis.

The Trial Authority found the above conduct to be a violation of DR 6–101(a)(3): "A lawyer shall not ... (3) Neglect a legal matter entrusted to him," specifically that the respondent failed to expeditiously move to set aside the default judgment.

In the Trial Authority's findings it is noted that the purpose of disciplinary action is promoting and preserving the integrity of the Bar. *State ex rel. Oklahoma Bar Association v. Nix*, 295 P.2d 286, 293 (Okl.1956). *State ex rel. Oklahoma Bar Association v. Steger*, 433 P.2d 225 (Okl.1966). Pursuant to that precept the Trial Authority made a finding that respondent did not profit from the dereliction and that the client's expense arising therefrom has been paid.

The Authority then notes that the neglect occurred at a time when respondent's law partnership was being dismantled, in addition to the fact that respondent enjoys a good reputation among his professional associates and has for a long period demonstrated his exemplary professional standing. After consideration of these matters, the Trial Authority recommended public censure and reprimand in accord with the authority of *State ex rel. Oklahoma Bar Assn. v. Foster*, 454 P.2d 654 (Okl.1969).

▮ This action is submitted to this Court on the brief of the complainant alone. Complainant, Oklahoma Bar Association, filed its brief with the Court on March 26, 1980, and it has recently filed a motion to submit for adjudication on complainant's brief. There exists an exhibit filed with the Trial Authority which admits respondent neglected the client's business in the face of knowledge that the client's affairs demanded attention; that, combined with the respondent's admitted failure to communicate the true status of the cause, due to chagrin over the matter, amounts to an admission of the operative facts upon which disciplinary action is now taken.

▮ The Trial Authority recommended the respondent be publicly censured. The complainant bar association suggests an appropriate disciplinary measure for the conduct here outlined would be a 90–day suspension. In disciplinary proceedings, the Oklahoma Supreme Court is charged under the Rules Creating and Controlling the Oklahoma Bar Association, 5 O.S.1971 Ch. I, App. I, Article X § 16(b) with the duty of imposing discipline as the Court deems appropriate. The recent authority of *State of Oklahoma ex rel. Okla. Bar Association v. Jon R. Denney*, Okla., 617 P.2d 1351 (1980), presents a factual situation analogous to that before the Court here, and it is the opinion of the Oklahoma Supreme Court that the last cited case is controlling insofar as it establishes a 90–day suspension is warranted for conduct closely paralleling that disclosed by the record here–*viz.*–neglect of a legal matter entrusted to him and failure to disclose the fact upon subsequent inquiry.

It is therefore ordered that respondent be, and hereby is, suspended from the practice of law for a period of three (3) months from the effective date of this opinion and, further, that respondent pay the costs of this proceeding prior to his readmission to the practice of law in this state.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, BARNES, DOOLIN and OPALA, JJ., concur.

HODGES, J., dissents.

HODGES, Justice, dissenting.

I dissent to the three (3) months' suspension and would follow the trial authority's recommendation that the respondent be publicly censured.