The PEOPLE of the State of
Colorado, Complainant,

v.

James F. WILBUR,
Attorney–Respondent.

No. 90SA281.

Supreme Court of Colorado,
En Banc.

Sept. 10, 1990.

---

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

Michael L. Bender, Denver, for atty.-respondent.

### PER CURIAM.

In this grievance proceeding, a complaint was filed with the Grievance Committee charging the respondent, James F. Wilbur, with unprofessional conduct arising out of his efforts to collect funds due and owing to his client, Thomas Russell. After the grievance complaint was filed, the respondent and an assistant disciplinary counsel entered into a written stipulation in which they agreed to the facts and consented to discipline in the form of a suspension for a period of not less than one year and one day and not more than three years, conditioned on this court's approval of the stipulation and the imposition of a sanction within the stipulated range. A hearing panel of the Grievance Committee approved the stipulation and recommended that the respondent be suspended from the practice of law for a period of eighteen months. We approve the stipulation and suspend the respondent for a period of three years.

The respondent was admitted to the practice of law in this state on October 6, 1970, and is subject to the jurisdiction of this court and its grievance committee. In 1988, Thomas Russell retained the respondent to collect funds due and owing from the sale of Russell's office building located in Denver. Russell paid the respondent $1,036.00 for these services. The respondent commenced negotiations on behalf of Russell with the debtor-partnership which had purchased the building. These negotiations were unsuccessful, and in October 1988 Russell instructed the respondent to initiate foreclosure proceedings on the property.

Russell thereafter inquired of the respondent on several occasions about the status of the foreclosure proceedings. The respondent falsely told Russell that he was proceeding on the foreclosure action. In June 1988, the respondent, in answering Russell's additional inquiries about the foreclosure action, misrepresented that he had obtained a stay of a bankruptcy proceeding involving one of the debtors, that a foreclosure proceeding had taken place, and that Russell was a successful bidder at the foreclosure sale. When Russell requested proof of the foreclosure sale, the respondent falsified a notice of the sale and a certificate of purchase by placing a false case number and forging the signature of a former deputy public trustee on the documents, and by fraudulently notarizing them.

Based on the respondent's misrepresentations, Russell listed the property for sale. A partner in the debtor-partnership noticed the listing and determined that the foreclosure documents were fraudulent. As a result of the respondent's misrepresentations, Russell suffered financial losses which he estimates to be in excess of $50,000, while the respondent places Russell's losses between $5,000 and $10,000. The respondent and Russell are attempting to negotiate the settlement of Russell's claim.

The respondent and the assistant disciplinary counsel stipulated that the respondent's conduct violated the following Disciplinary Rules of the Code of Professional Responsibility: DR1–102(A)(1) (violation of a disciplinary rule); DR1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation); DR1–102(A)(6) (conduct adversely reflecting on lawyer's fit-

ness to practice law); DR7–101(A)(1) (failure to seek lawful objectives of client through reasonably available means permitted by law and disciplinary rules); and DR7–101(A)(2) (failure to carry out contract of employment entered into with client for professional services). An inquiry panel of the Grievance Committee recommended that the respondent be suspended for eighteen months and be assessed the costs of these proceedings.

We accept the stipulation of fact, but believe that a suspension of three years is the more appropriate sanction in this case in light of the serious nature of the respondent's misconduct. We note in mitigation that the respondent has no prior disciplinary record, was experiencing serious emotional problems when the misconduct occurred, made full disclosure to the Grievance Committee, and manifested a cooperative attitude in resolving this matter. *See ABA Standards for Imposing Lawyer Sanctions*, § 9–32 (1986). These mitigating circumstances, while relevant to the form of discipline to be imposed, do not serve to excuse the respondent's resort to misrepresentation and deceit in the course of a professional relationship with his client. Although the respondent did not engage in such misconduct for the purpose of financially benefitting himself, the respondent's deceitful actions resulted in serious injury or potentially serious injury to his client. Were it not for the presence of significant mitigation, we would reject the stipulation and remand the matter to the Grievance Committee for consideration of a more severe sanction. *See ABA Standards*, § 5.11(b) (disbarment generally appropriate when lawyer engages in intentional conduct involving fraud or misrepresentation that seriously reflects on lawyer's fitness to practice law). Weighing the serious nature of the respondent's misconduct against the mitigating circumstances, we believe that a three-year suspension is appropriate in this case. *See People v. Klein*, 179 Colo. 408, 500 P.2d 1181 (1972).

It is accordingly ordered that the respondent, James F. Wilbur, be suspended from the practice of law for a period of three years, effective thirty days after the date of this opinion. The respondent is ordered to comply with the provisions of C.R.C.P. 241.21 relating to the termination of all legal matters, the giving of notice to all clients and opposing counsel, and the maintenance of appropriate records as proof of compliance. Any application for reinstatement must be supported by clear and convincing evidence that the respondent is fit to practice law, has complied with the requirements of C.R.C.P. 241.22, and has made restitution to his client for any injury to his client as a result of the respondent's misconduct. The respondent is ordered to pay the costs of these proceedings in the amount of $60.35 by tendering such sum to the Grievance Committee, 600 17th Street, 500–S Dominion Plaza, Denver, Colorado 80202, within thirty days of this date.