34 P.(2d) 1097

**In re ZINN.**

No. 4006.

Supreme Court of New Mexico.

July 11, 1934.

E. R. Wright, of Santa Fé, for the motion.

J. O. Seth, of Santa Fé, and H. M. Dow, of Roswell, opposed.

PER CURIAM.

Charges of professional misconduct are pending in this court against A. L. Zinn, a member of the bar. Answer has been filed and an order of reference made. The matter is now before us on the motion of Mr. E. R. Wright, who prosecutes the charges by our designation, that the court require the answer to be made definite and certain in some particulars.

Answering allegations to the effect that the respondent had failed properly to apply certain moneys received by him in his official capacity as assistant special tax attorney, and that he had failed properly to apply certain moneys received by him either in such official capacity or in his capacity as attorney for a judgment creditor; and that he failed for a long time to account for said moneys, and that "during this time said funds were not held intact as a trust fund to be applied upon the determination of some contingency"; respondent admits the receipt of said moneys, explains their retention as pursuant to an understanding with him who paid them, and alleges that "at all times the money remitted to him by said H. L. Williams was available for application in accordance with the understanding between the parties."

The motion demands that the respondent specify, as to each of the two $500 sums involved, where and in what depository, if any,

he held the same, and whether the same was intact at all times from the date of its receipt until he made payment into the district court, January 31, 1934. It further demands specification "where and how the respondent had said sums available, and if he had the same in a depository, when and where the same were deposited and whether or not said funds were intact at all times. * * *"

Counsel for respondent resist the motion. They contend that this inquisition partakes so much of the nature of a criminal proceeding that the demand is improper; that respondent may not be required to answer at all, except to deny generally the alleged wrong doing; that the negative having been alleged, the burden rests upon the accusers to prove it, without the aid of disclosure. In re Renehan, 19 N. M. 640, 145 P. 111, and In re Catron, 8 N. M. 253, 43 P. 724, are cited and relied upon.

██ Without questioning the correctness or justice of those decisions, we deem it opportune to say that we are not in accord with the expressions therein found on which counsel base their contention, and that we shall not be bound by them. We deem this a special proceeding not controlled by the rules or principles of criminal or of common-law pleading. It is an inquiry into the conduct of an officer of the court. A respondent may not assume an attitude purely defensive. He is called upon to explain transactions wrongful on their face, and to demonstrate their innocence or good faith. Subject to the constitutional privilege as to self-incrimination, he must answer, disclose, and testify. Such

we think the rule of reason supported by great weight of authority. We pause now to cite a single case, recent, highly authoritative, and persuasive; People ex rel. Karlin v. Culkin, 248 N. Y. 465, 162 N. E. 487, 60 A. L. R. 851.

██ The allegation above quoted that respondent did not hold said funds intact as a trust fund, etc., occurs in paragraph 10 of the charges. Respondent's allegation above quoted that the money was at all times available for application, etc., occurs in answer to paragraph 10, and follows a general denial of all the allegations contained in that paragraph.

We do not attempt at this time to appraise the importance of this allegation of the charges. We assume it to tender a material issue. The allegation and the general and specific answer to it result in some uncertainty. This should be cleared up if the issue is in the case. Therefore:

If the respondent intends or desires to take issue with the allegation that the funds were not kept intact as a trust fund, he may amend his answer within five days hereafter. In such case he will set forth the circumstances as demanded in the motion.

If respondent does not so intend or desire, the motion will stand overruled. In that case, it will be held, for present and future purposes of this case, that the general denial of the allegations of paragraph 10 is controlled by the following specific allegation as to availability, and that there is no sufficient or effective denial that the moneys were not kept intact as a trust fund; which alle-

gation of the charges will be deemed an admitted fact.

It is so ordered.

WATSON, C. J., and SADLER, HUDSPETH, and BICKLEY, JJ., concur.