42 P.(2d) 776

**In re ZINN.**

No. 4006.

Supreme Court of New Mexico.

March 21, 1935.

Edward R. Wright, of Santa Fe, presenting the charges by court appointment.

J. O. Seth, of Santa Fe, H. M. Dow, of Roswell, and Fred E. Wilson, of Albuquerque, for respondent.

## PER CURIAM.

The respondent, a member of the bar of this state, was complained of before the grievance committee of the board of commissioners of the state bar for professional misconduct. The grievance committee, having heard the complaint, reported to the board of commissioners of the state bar the belief of its members that reasonable cause existed for the filing of formal charges based upon such complaint.

Acting upon said report, the board of commissioners of the state bar directed the preparation and filing of said charges with this court. This was done in due course. Thereupon we referred the matter to the board of commissioners of the state bar as referees to hear the charges, make findings of fact and conclusions of law thereon, and report the same to this court for consideration and disposition. See In re Zinn, 38 N. M. 449, 34 P. (2d) 1097.

The matter was heard before seven of the nine members of said board of commissioners, two having been relieved of duty in this behalf upon the suggestion of their disqualification, and is now before us upon the report of the aforesaid referees, reading as follows:

"Report of Commissioners of State Bar.

"The Board of Commissioners of the State Bar of the State of New Mexico, to whom this matter was referred as Referees by the Supreme Court of the State of New Mexico, respectfully report as follows:

"That this cause came on for hearing before the Board on the 14th day of March, A. D., 1935; the prosecution being represented by E. R. Wright, Esq., and the Respondent being present in person and being represented by J. O. Seth, Esq. and H. M. Dow, Esq.; and both the prosecution and respondent having produced their evidence and rested, the Board finds the facts as follows, to-wit:

"Findings of Fact

"1. The Respondent, A. L. Zinn, is a member of the Bar of the State of New Mexico.

"2. On the 17th day of June, 1932, the respondent being then Special Assistant Tax Attorney employed by the State Tax Commission, and having charge of the collection of delinquent taxes for the County of McKinley, received the sum of five hundred dollars from one H. L. Williams, who was then delinquent in the payment of taxes, on personal property, by him owing in the sum of approximately sixteen hundred dollars, as shown by the tax rolls of McKinley County; and said sum of money was so received by respondent with instructions that the same should be

applied on the payment of taxes owing by said Williams.

"3. That said sum of money was so received by respondent pursuant to an arrangement theretofore made by and between respondent and one G. W. Kerner, acting as the agent of said H. L. Williams that said sum of money should be deposited with respondent, and that the said Williams should institute suit for the correction and reduction of the amount of taxes by him owing, it being then admitted by respondent that the tax assessed against said Williams was excessive and discriminatory.

"4. That respondent had theretofore issued and had levied upon the property of said Williams a distraint warrant; and had agreed with said Kerner that said distraint warrant should be released upon the payment of said sum of five hundred dollars; and that upon the payment of said sum of five hundred dollars as aforesaid, said distraint warrant was released by respondent.

"5. That immediately after the receipt of said sum of five hundred dollars by respondent from the said H. L. Williams, respondent remitted said sum of money to E. F. Hutton & Company of Hollywood, California, a brokerage house dealing in stocks listed upon the stock exchange, and had said money by said brokerage firm credited to the account of respondent A. L. Zinn and his wife, Lucille E. Zinn; and thereby commingled the said sum of money so received by him from said H. L. Williams with his own funds.

"6. That thereafter the respondent used the money held in said account by said broker-age firm, including the said sum of five hundred dollars received from the said H. L. Williams, in trading in stocks.

"7. That at the time of the arrangement between respondent and the said Kerner, representing the said Williams, for the payment of said sum of five hundred dollars, the said Kerner promised respondent that the said Williams would within sixty days institute suit for said tax adjustment.

"8. That thereafter and on the 9th day of September, 1932, respondent after a conference with the said Kerner, who was then still representing the said H. L. Williams, issued a second distraint warrant upon the property of the said H. L. Williams and delivered same to the said Kerner, who promised to deliver it to a deputy sheriff for service; but that said distraint warrant was never in fact served and no property of the said H. L. Williams was distrained by virtue thereof; and that at a later date, said distraint warrant was returned to the office of respondent in Gallup, New Mexico.

"9. That on the 15th day of September, 1934, the said Williams sent a second sum of five hundred dollars to respondent with instructions that said money should be applied either on the taxes by him owing or upon a judgment which respondent had theretofore obtained in a civil action against the said Williams.

"10. That immediately after the receipt of said last sum of five hundred dollars, respondent transmitted said sum of money to the E. F. Hutton & Company, the said brokerage firm, and had the same credited to the ac-

164

count of respondent, A. L. Zinn, and his wife, Lucille E. Zinn, and thereby commingled said money with his own funds.

"11. That all money placed by respondent with the said E. F. Hutton & Company, including the one thousand dollars received from H. L. Williams, as well as his own money, was in a joint account of respondent, A. L. Zinn, and his wife, Lucille E. Zinn, pursuant to a contract entered into by and between said Zinn and the said company, a copy of which said contract is in evidence as Exhibit 1-a to the deposition of Al Esswein, Jr.

"12. That thereafter respondent used the funds in said account with the said E. F. Hutton & Company, including the said second sum of five hundred.dollars received from said H. L. Williams, in trading in stocks.

"13. That respondent continued to hold all of said money so received from the said H. L. Williams as aforesaid until the 31st day of January, 1934, when he remitted the sum of one thousand dollars to the Clerk of the District Court of McKinley County, New Mexico, suit for the adjustment of taxes having been instituted by the said H. L. Williams in the month of May, 1933, without the knowledge of respondent, who first learned that suit had been instituted a day or two before he remitted said money to said District Court Clerk.

"14. That at all times while respondent had the moneys so received by him as aforesaid from the said H. L. Williams commingled with his own funds, he was financially able to respond to any demand which might have been made upon him by said Williams for the sum of one thousand dollars.

"15. That on the 30th day of December, 1932, respondent advised J. D. Mell, Esq., Special Tax Attorney for the State Tax Commission, residing at Santa Fe, New Mexico, that he was holding the sum of one thousand dollars of money belonging to Williams subject to the payment of such taxes as should be required by any order of Court made for the adjustment thereof, and for the payment of certain other claims in respondent's hands if there should be any excess above that required for the payment of taxes; and that he expressed the desire that said Mell should take charge of the matter by conference with Williams or the agent of Williams so that respondent could dispose of the money belonging to Williams so held by him.

"16. That respondent, in so commingling the money belonging to Williams with his own, acted without fraudulent intent to deprive said Williams of his money, but at no time made disclosure as to how said money was being held.

"17. There is no substantial evidence in the record in support of any other charge or charges made against respondent in the citation issued by the Grievance Committee of the Board of State Bar Commissioners.

"Conclusions of Law.

"From the foregoing findings of fact the Board concludes as a matter of law:

"1. That respondent received the money in question as a trust fund.

"2. That respondent violated his duties as a member of the Bar when he commingled said funds with his own. * * *

"For a further report the Board files herewith all depositions, together with all exhibits received at the hearing, and report that stenographic notes have been taken of all oral testimony which can be transcribed at any time the Court should so order.

"Respectfully submitted this 15th day of March, A. D. 1935."

Counsel appointed by us to present said charges and counsel for the respondent have appeared before us and argued the effect of the findings and conclusions so filed. Upon these unchallenged findings and conclusions, which we confirm, it now becomes our duty to pass judgment.

It is our judgment, from the foregoing, that the respondent, A. L. Zinn, should be, and he is hereby, severely reprimanded, and that he should pay the costs of this proceeding which are hereby taxed against him in the sum of $423.49, and it is so ordered.

We desire in closing this opinion to express to Hon. Edward R. Wright of Santa Fe, an honored member of the bar of New Mexico, the appreciation of this court for the fair, able, and conscientious manner in which, under appointment of the court, he has performed the unpleasant duty which we imposed upon him of prosecuting the charges of professional misconduct against the aforesaid respondent.

It is also proper to say that our referees, selected by the bar of this state as members of the board of commissioners of the state bar, have performed in a manner befitting the profession to which they belong the high, although unpleasant, duty imposed upon them under our order of appointment. We extend to them the appreciation of the court for the services rendered.

SADLER, C. J., HUDSPETH, BICKLEY, and WATSON, JJ., and HARRY P. OWEN, District Judge.