414 P.2d 495

In the Matter of Frank J. SOUTHERLAND, Attorney at Law.

No. 7809.

Supreme Court of New Mexico.

May 16, 1966.

Wycliffe V. Butler, W. A. Sloan, Albuquerque, for respondent.

Donald B. Moses, Albuquerque, amicus curiae for Board of Bar Com'rs of State Bar of New Mexico.

CARMODY, Chief Justice.

This is a disciplinary proceeding, certified to us by a report of bar commissioners recommending discipline. The proceeding is pursuant to the authorization contained in the rules promulgated by this court and appearing as § 21–2–1(3) (1.01) to and including § 21–2–1(3) (4.03), N.M.S.A.1953 (Supp.1965). The only question for our consideration is the precise type of discipline which should be imposed.

The commissioners of the state bar, siting as referees, recommended that respondent be suspended for an indefinite period. Respondent, on the other hand, although admitting the charges against him, declares that public censure is the proper punishment.

Without detailing the facts, it is sufficient to point out that respondent, by his own admission, made a series of absolutely false representations during at least three different periods of time. The falsehoods were made to his client and related to the procedures in preparation for trial of a case in the federal court. The referees heard the testimony of both the protesting client and the respondent, and they then determined that respondent had violated both the spirit and letter of certain of the Canons of Professional Ethics and had violated his oath of admission to the Bar of New Mexico. The recommendation of suspension was originally joined in by four of the five commissioners, sitting as referees, with the fifth commissioner recommending censure only. However, by letter, after the briefs were filed before us, the fifth commissioner withdrew from his prior position and announced his concurrence with the majority.

Respondent argues that he has already been punished sufficiently, but our response is that this is not a question of punishment but rather a question of the protection of the public. In this connection, the preamble adopted as a part of our disciplinary rules commences with the following paragraph:

"The purpose of discipline of lawyers is the protection of the public, the profession, and the administration of justice, and not the punishment of the person disciplined."

Respondent also urges that some other courts have refused to follow the recommendation of suspension made by the referees and that we should do likewise. We are cited to the annotation in 96 A.L.R. 2d 823, but it is our observation, after a

**268**

study of the cases cited therein and other cases in addition, that each case must be decided on its own facts; and, even though the recommendation of the referees is not controlling upon us, it is entitled to great weight. Thus we do not consider the cases relied upon by respondent as anything more than illustrative of the holding of other courts under different facts and circumstances.

It is also seemingly suggested that the violations here are not as serious as some other type of misconduct by an attorney. Our response is to merely quote from Oliver Wendell Holmes, Sr., when he said, "Sin has many tools, but a lie is the handle that fits them all."

We have carefully considered all of the matters presented and conclude that the recommendation of the referees should be approved, subject only to provision fixing a minimum period which must elapse before the court will entertain a motion for termination of suspension.

 Frank J. Southerland shall be suspended from the roster of attorneys authorized to practice law in New Mexico, and no motion to terminate such suspension will be entertained until after the elapse of at least sixty days from the effective date hereof. It is so ordered.

NOBLE, MOISE, and COMPTON, JJ., and LaFEL E. OMAN J., Ct.App., concur.