437 P.2d 1008

**In the Matter of Jess R. NELSON,**
**Attorney at Law.**
**No. 8533.**

Supreme Court of New Mexico.

Feb. 26, 1968.

Jess R. Nelson, Truth or Consequences, pro se.

Robert S. Skinner, Raton, amicus curiae.

740

## OPINION

PER CURIAM.

This cause arises under our rules for disciplinary proceedings (§ 21–2–1(3), N.M.S.A. 1953). Respondent having filed his exceptions to the report of the hearing commissioners together with a designation of the entire record of proceedings before the commissioners, upon being advised of the estimated cost of the transcript which the respondent must deposit as provided in § 1.12 of the rules, in exceptions and by motion attacks as unconstitutional under the Fourteenth Amendment of the Constitution of the United States and Art. II, § 18, of the New Mexico Constitution, that portion of the rule which reads:

> "The commissioners shall furnish the respondent with an estimate of the cost of an original and two [2] copies of the part of the record so designated, and within ten [10] days after the giving of such estimate, the respondent shall deposit the amount thereof with the commissioners."

Consideration has been given to briefs filed by respondent and by amicus curiae representing the Board of Bar Commissioners, and we have concluded that respondent's position is meritorious and the part of the sentence quoted above requiring deposit by a respondent was incorporated in the rule without sufficient consideration having been given to the implications incident to it.

When respondent asserts that the entire record is required in order for him to present his defenses before the court, he is asking for nothing beyond his day in court. It is for us to pass upon the question of whether discipline shall be imposed. Preamble to Rules for Disciplinary Proceedings, quoted in In re Morris, 74 N.M. 679, 681, 397 P.2d 475 (1964). See also, § 1.12. The Board of Bar Commissioners are referees of this court, empowered in the first instance to hear complaints (§ 1.01) and to make recommendations (§ 1.12). However, we are not bound thereby, although they must be accorded great weight. In re Southerland, 76 N.M. 266, 414 P.2d 495 (1966).

Two issues are presented here. First, in a disbarment proceeding, is respondent entitled to procedural due process guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution? That the answer must be in the affirmative has been held in a multitude of cases marshalled in the note in 98 L.Ed. 851, 855 (1954).

Second, would the requirements of procedural due process be met if respondent is denied the benefits of the record upon which the referees' recommendation is based, unless he pays for it in advance? We are forced to conclude that they would not. As we understand the term "procedural due process," there is embodied in it reasonable notice and opportunity to be heard and present any claim or defense. See Carter v. Kubler, 320 U.S. 243, 64 S.Ct. 1, 88 L.Ed. 26 (1943). Since under the procedure specified in our rules the hearing is before referees and our decision is based on their findings, conclusions and recommendations, when exceptions are taken to the proof relied upon to support the same, it would seem self-evident that the record of that proof must be available for examination and review. We find support for this conclusion in a series of cases in the United States Supreme Court involving the proper procedure to be followed by an administrator responsible for deciding matters based upon proof developed before a hearing officer. Morgan v. United States, 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288 (1936); Morgan v. United States, 304 U.S. 1, 58 S.Ct. 773, 82 L.Ed. 1129 (1938); United States, v. Morgan, 313 U.S. 409, 61 S.Ct. 999, 85 L.Ed. 1429 (1941). For a procedure held proper, see Barsky v. Board of Regents of University of State of New York, 347 U.S. 442, 74 S.Ct. 650, 98 L.Ed. 829 (1954). We do not see how a provision can be upheld

that requires a person accused of unprofessional conduct to pay for a transcript of the evidence furnishing the basis for recommendations against him before he is permitted to use it in his behalf. As a matter of fact, § 1.07 would appear to be to the contrary in that it provides for the payment by the state bar association in the first instance of the costs of all proceedings before the board of bar commissioners. See also § 18-1-21, N.M.S.A.1953, which provides for taking costs of a disbarment proceeding "where the respondent is disbarred or suspended from practice." That ultimately and as a part of any discipline imposed, this burden may be placed upon a person found guilty of unprofessional conduct would seem to be clear. In re Zinn, 39 N.M. 161, 42 P.2d 776 (1935). See also, State ex rel. Florida Bar v. Roberts, 110 So.2d 653 (Fla.1959); State ex rel. Morton v. Cave, 359 Mo. 72, 220 S.W.2d 45 (1949); In re Falzone, 240 Mo.App. 877, 220 S.W.2d 765 (1949); In re Hanson, 48 Utah 163, 158 P. 778 (1916); State v. Catlin, 2 Wis. .2d 240, 85 N.W.2d 857 (1957).

However, as of this time, no determination has been made in this case by the court on the question of the alleged misconduct of respondent, or whether any discipline is to be imposed. It is accordingly premature to compel repayment of transcript costs required to be paid in the first instance by the state bar association (§ 1.07). The issue here is not the same as that presented when an appeal is being taken from a judicial determination after notice and full hearing. Right to appeal generally is not guaranteed by the Constitution. It arises from statute. State ex rel. State Highway Comm. v. Quesenberry, 72 N.M. 291, 383 P.2d 255 (1963). Neither do we perceive it to be in any sense comparable to requirements of security for costs. See § 25-1-13, N.M.S.A. 1953, on assessment of attorney fees. Respondent has been held to answer charges against him. He is entitled to present the facts before this court, together with such explanation and interpretation as is appropriate to establish his defense. Without this, the court could not pass upon the merits of the case, nor could there be a full and fair hearing. Morgan v. United States, 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288 (1936); see also, State v. Gordon, 225 N.C. 241, 34 S.E.2d 414 (1945). Since the facts developed at the hearing before the referees must be incorporated in a transcript of proceedings, full consideration in this court can only be accomplished by submitting the transcript and giving to respondent an opportunity to point out wherein the charges of misconduct as found by the referees are not supported, or the discipline recommended is not justified. To require payment in advance of the determination of the merits may result in denial of proper presentation and trial, thereby depriving respondent of due process of law. Accordingly, the provision complained of, insofar as it requires a respondent to deposit the cost of an original and two copies of the transcript with the commissioners was included in the rules improvidently and will not be enforced. (An amendment to the rule will be formulated to conform.)

It follows that respondent's motion that the record of proceedings before the referees be furnished and filed without the requirement of payment in advance is sustained, except for copies desired by respondent exclusively for his own use, for which a charge to cover actual cost may be made and collected in advance.

It is so ordered.