519 P.2d 288

**In the Matter of Harry L. PATTON, Attorney at Law.**

**No. 9684.**

Supreme Court of New Mexico.

Feb. 15, 1974.

William W. Gilbert, Chief Bar Counsel, Sante Fe, for petitioner.

Dan B. Buzzard, Harry L. Patton, Clovis, for respondent.

## OPINION

OMAN, Justice.

This original disciplinary proceeding was initiated on March 13, 1973 by a petition of Chief Bar Counsel seeking the institution of proceedings under Supreme Court Rule 3, § 15 [§ 21-2-1(3)(15), N.M.S.A. 1953 (Int.Supp. 1972)], which was adopted by this Court and became effective on January 1, 1972. Attached to the petition was a certificate from the United States District Court for the District of New Mexico evidencing the conviction of Respondent of the crime of willfully and knowingly failing to make a return of Federal Income Tax for the year 1969 in violation of 26 U.S.C. § 7203 (1954).

After a hearing on the petition and the response thereto, we declined to impose immediate suspension, because the effective date of the rule was subsequent to Respondent's conviction. We did, however, refer the matter to the Disciplinary Board with directions to refer it to an appropriate Hearing Committee for hearing and for further proceedings pursuant to Supreme Court Rule 3, supra.

A Hearing Committee held a hearing, made findings and recommended that Respondent be publicly censured. The matter then came on for hearing before the Disciplinary Board pursuant to Supreme Court Rule 3, § 5(C)(6) and § 8(C) [§ 21-2-1(3)(5)(C)(6) and (8)(C), N.M.S.A.1953 (Repl.Vol. 4, Supp. 1973)]. The Disciplinary Board recommended that Respondent be suspended from the practice of law for a period of ninety days and assessed all costs against him.

The sole issue to be resolved by us is the nature and extent of the discipline to be imposed. Respondent concedes that he was guilty of professional misconduct which warrants his discipline by this Court, but urges this discipline should be limited to public censure as recommended by the Hearing Committee.

The Hearing Committee made the following findings:

"1. The Respondent is guilty of violating Cannon 32 of the American Bar Association Cannons of Ethics in force in New Mexico prior to February 24, 1971, in that he failed to comply with the provisions of 26 U.S.C. 7203.

"2. The Respondent is guilty of violating Section 2.04 of Rule Three (3) of the Supreme Court of the State of New Mexico as the same existed prior to January 1, 1972. [This rule provided in pertinent part: "The commission of any act contrary to honesty, justice or good morals, whether the act is committed in the course of his relations as an attorney or otherwise, and whether or not the act is a felony or misdemeanor, constitutes a cause for discipline. * * *" § 21-2-1(3)(2.04), N.M.S.A.1953 (Repl.Vol. 4, 1970).]

"3. The Respondent is guilty of violating Section 18-1-17(1), New Mexico Statutes 1953 annotated. [This statute provides: "An attorney may be disbarred or suspended by the Supreme Court for any of the following causes arising after his admission to practice:

"(1) His conviction of felony or misdemeanor involving moral turpitude in

which case the record of conviction is conclusive;"]

"4. The legal qualifications of the Respondent: The services rendered by him to the New Mexico State Bar, his community and to his clients prior and subsequent to the violation charged in the petition are outstanding and constitute substantial mitigating circumstances in determining the disciplinary action to be recommended herein.

"5. That no useful purpose will be served the Bar, the public or Respondent's clients by the imposition of a penalty more severe than public censure."

As already stated, the Disciplinary Board disagreed with the Hearing Committee and recommended suspension for a period of ninety days.

■ ■ Although the findings and recommendation of a Hearing Committee are entitled to great weight, the Disciplinary Board is not bound by the Committee's recommendation. Supreme Court Rule 3, § 5(C)(6) and § 8(C), supra. This Court is not bound by a recommendation of the Disciplinary Board, although its recommendation must be accorded great weight. Compare in re Nelson, 78 N.M. 739, 437 P.2d 1008 (1968); In re Southerland, 76 N.M. 266, 414 P.2d 495 (1966). The power of suspension or disbarment of an attorney is a judicial power to be ultimately exercised by this Court. In re Gibson, 35 N. M. 550, 563–565, 4 P.2d 643, 651 (1931). See also State ex rel. Norvell v. Credit Bur. of Albuquerque, Inc., 85 N.M. 521, 514 P.2d 40 (1973); In re Nelson, supra; In re Southerland, supra. This "court shall enter such final order as it deems appropriate." Supreme Court Rule 3, § 8(C), supra.

■ Respondent first attacks the Hearing Committee's findings 2 and 3 quoted above. His first contention is that § 18–1–17(1), supra, which he was found to have violated, has been repealed by this Court's adoption of detailed rules governing the discipline of lawyers for professional misconduct. Unquestionably the

regulation of the practice of law is the exclusive constitutional prerogative of this Court. State ex rel. Norvell v. Credit Bur. of Albuquerque, Inc., supra. Legislative attempts to confer any power over the control of the practice of law, including the power of suspension or disbarment, are violative of art. 3, § 1, Constitution of New Mexico. In re Gibson, supra.

However, the Respondent's position is not materially improved by disregarding the Hearing Committee's finding No. 3. By its finding No. 2, the Hearing Committee found Respondent guilty of the commission of an act contrary to honesty, justice or good morals. Chief Bar Counsel and Respondent agree that the terms "involving moral turpitude" and "contrary to honesty, justice or good morals" are legally synonymous. We agree, and we agree with the finding of the Hearing Committee that Respondent committed an act contrary to honesty, justice or good morals. See In re Hallinan, 43 Cal.2d 243, 272 P.2d 768 (1954). By Supreme Court Rule 3, § 15(B), which became effective January 1, 1972 and which now appears as Supreme Court Rule 3, § 14(B) [§ 21–2–1(3)(14)(B), N.M.S.A.1953 (Repl.Vol. 4, Supp. 1973)], the willful failure to file an income tax return is defined as a "serious crime" warranting the entry of an order of immediate suspension by this Court. Supreme Court Rule 3, § 14(A) [§ 21–2–1(3)(14)(A), N.M.S.A.1953 (Repl.Vol. 4, Supp. 1973)].

■ It is true that this definition of the willful failure to file an income tax return as a "serious crime" had not been announced by us and was not incorporated in the disciplinary rules as of the date of the willful failure of Respondent to file his return for the year 1969, but the fact that we had not theretofore expressed this definition in no way diminished, enhanced or changed the gravity of his offense.

We have reviewed the entire record in this case and agree with the Hearing Committee finding to the effect that Respondent committed an act contrary to honesty,

justice or good morals, and we also agree with the recommendation of the Disciplinary Board that Respondent should be suspended from the practice of law for a period of ninety days.

Respondent shall be suspended from the practice of law in this State for a period of ninety days from the filing of this opinion in the Office of the Clerk of this Court and shall be required to pay all costs incurred in these proceedings.

It is so ordered.

McMANUS, C. J., and STEPHENSON, MONTOYA and MARTINEZ, JJ., concur.