## In re INTEGRATION AND GOVERNANCE OF the UTAH STATE BAR.

### No. 15436–A.

Supreme Court of Utah.

June 30, 1981.

Dean E. Sheffield, Executive Director, and Pamela Greenwood, Bar Counsel, of the Utah State Bar, Salt Lake City, for appellant.

PER CURIAM:

On September 30, 1977, the Utah State Bar Board of Commissioners moved this Court for approval and adoption of a "Rule for Integration of the Utah State Bar," and "Rules of Organization and Management of the Utah State Bar," which consisted of the then-current text of Utah Code Annotated, 1953, Title 78, Chapter 51 (the legislative enactments concerning "Attorneys and Counselors"). The proposed Rules of Organization and Management had the same content and section numbers as the existing statutes, with minor modifications to delete dated material and to conform the text to the content appropriate to court rules rather than legislative enactments. Memoranda were filed in support of and in opposition to the Bar's motion.

In May, 1979, a group of members of the Utah Bar filed a Petition to Adopt a Rule to Govern the Right to Practice Law in Utah Without Compulsory Integration, and briefs were filed in support of and in opposition to that Petition. On November 1, 1979, the 43rd Legislature of the State of Utah, through its Legislative General Counsel, filed a brief in opposition to both the Bar's Motion and the Attorney's Petition, suggesting that neither took adequate account of the Legislature's interest in the regulation of the legal profession.

On November 5, 1979, the issues were argued in a hearing before the Court. To

date, no action has been taken on either the Motion or the Petition.

In its 1981 general session, the Legislature amended Section 78–51–12 of the Utah Code to prescribe new procedures for the investigation of complaints about unethical, questionable or improper conduct of attorneys and to direct that all disciplinary committees should include at least one member who was not an attorney. H.B.No.70. That legislation becomes effective July 1, 1981.

Careful consideration having been given to the memoranda and briefs filed in this matter and to the important interests of the judicial and legislative branches, manifested through court rule and through legislative enactment, the Court hereby denies the Petition of the group of members of the Utah Bar and grants the Motion of the Utah State Bar Board of Commissioners. The Proposed Rule for Integration of the Utah State Bar is adopted, with slight modifications to its content and format. The proposed Rules of Organization and Management of the Utah State Bar are adopted as updated to include the content of the recent legislative amendment to Section 78–51–12, and with slight modifications in the content of other sections. The adopted copies of both Rules, which will be published as Rules for the Governance of the Bar, are on file with the Clerk of the Court.

Questions raised in the memoranda and briefs on the respective functions of the judicial and legislative branches of government in the regulation of attorneys and counselors and the practice of law are left to be resolved in the context of specific cases and controversies.

*So ordered.*

MAUGHAN, Chief Justice (concurring and dissenting):

With the adoption of the Petition of the Utah Bar Association to have this Court integrate said Bar Association, I vote in agreement.

I cannot vote to agree to the adoption and the approval, as a court rule, the statute effective July 1, 1981.

The matter merits resolution by resort to our fundamental law, and to that of other states of our unified nation.[1] In the Constitution of Utah, Article VIII, Section 1, the judicial power is vested in the courts. Article V, Section 1, provides:

"The powers of the government of the State of Utah shall be divided into three distinct departments, the Legislative, the Executive, and the Judicial; and no person charged with the exercise of powers properly belonging to one of these departments, shall exercise any functions appertaining to either of the others, except in the cases herein expressly directed or permitted."

The admission to the practice of law has been deemed a judicial function. In the case of *Re Opinion of Justices*, 279 Mass. 607, 180 N.E. 725, 727, 81 A.L.R. 1059 (1932) the Court states:

"It is indispensable to the administration of justice and the interpretation of the laws that there be members of the bar of sufficient ability, adequate learning and sound moral character. This arises from the need of enlightened assistance to the honest, and restraining authority over the knavish, litigant. It is highly important, also, that the public be protected from incompetent and vicious practitioners, whose opportunity for doing mischief is wide. It was said by Cardozo, C. J., in *People ex rel. Karlin v. Culkin*, 248 N.Y. 465, 470, 471, 162 N.E. 487, 489, 60 A.L.R. 851: 'Membership in the bar is a privilege burdened with conditions.' One is admitted to the bar 'for something more than private gain.' He

1. In the matter of *In re Patton*, 86 N.M. 52, 519 P.2d 288, 290 (1974): "... Unquestionably the regulation of the practice of law is the exclusive constitutional prerogative of this Court. [Citation] Legislative attempts to confer any power over the control of the practice of law, including the power of suspension or disbarment, are violative of art. 3, § 1, Constitution of New Mexico...."

becomes 'an officer of the court, and, like the court itself, an instrument or agency to advance the ends of justice. His co-operation with the court' is due 'whenever justice would be imperiled if co-operation was withheld.' Without such attorneys at law the judicial department of government would be hampered in the performance of its duties. That has been the history of attorneys under the common law, both in this country and in England. Admission to practice as an attorney at law is almost without exception conceded to be a judicial function. Petition to that end is filed in court, as are other proceedings invoking judicial action. Admission to the bar is accomplished and made open and notorious by a decision of the court entered upon its records. The establishment by the Constitution of the judicial department conferred authority necessary to the exercise of its powers as a co-ordinate department of government. It is an inherent power for such a department of government ultimately to determine the qualifications of those to be admitted to practice in its courts, for assisting in its work, and to protect itself in this respect from the unfit, those lacking in sufficient learning, and those not possessing good moral character. Chief Justice Taney stated succinctly and with finality in *Ex Parte Secombe*, 19 How. 9, 13, 15 L.Ed. 565, 'it has been well settled, by the rules and practice of common-law courts, that it rests exclusively with the court to determine who is qualified to become one of its officers, as an attorney and counsellor, and for what cause he ought to be removed."

The Constitution of Utah does not, by any express grant, vest the power to define and regulate the practice of law in any of the three departments of government. In the absence of an express grant of this power, it must be exercised by the department to which it naturally belongs. The power to regulate the conduct and qualifications of its officers is inherent in the court for the proper administration of justice. In essence, the term "inherent power of the judiciary" means that which is essen-

tial to the existence, dignity, and functions of the court, stemming from the fact that it is a court. Although the judicial power of this Court had its origin in the Constitution, when it came into existence, it came with inherent powers, which included the authority to make rules of practice.

In the case of *Re Integration of Nebraska State Bar Association*, 133 Neb. 283, 275 N.W. 265, 114 A.L.R. 151 (1937), the court concluded that it had inherent power to promulgate rules providing for an integrated bar. The court stated:

"The primary duty of courts is the proper and efficient administration of justice. Attorneys are officers of the court and the authorities holding them to be such are legion. They are in effect an important part of the judicial system of this state. It is their duty honestly and ably to aid the courts in securing an efficient administration of justice. The practice of law is so intimately connected and bound up with the exercise of judicial power in the administration of justice that the right to define and regulate its practice naturally and logically belongs to the judicial department of our state government."

In *Rukenbrod v. Mullins*, 102 Utah 548, 133 P.2d 325, 144 A.L.R. 839 (1943), this Court distinguished attorneys from other professionals and callings which may practice a skill by virtue of a license from the state. The attorney alone has the right to set the judicial machinery in motion in behalf of another and thus participate as an officer of the court in a judicial proceeding. This right is a derivative of his status as an officer of the court. To function properly in the administration of justice the courts must retain control of their officers, for the attorney has become a component of the judicial machinery.

In *Ruckenbrod*, this Court reiterated its statement in *In re Platz*, 42 Utah 439, 443–444, 132 P. 390 (1931):

"Nor can the legislature limit the courts in their right to determine the moral qualifications of their officers or

prevent them from refusing to admit morally incompetent persons to practice, nor compel them to retain such upon the roll. If such were the law, then the verdicts of juries or the notions of prosecutors or legislators, and not the deliberate judgment of the courts, would control in such matters. The courts, and not juries or legislators, must ultimately determine the qualifications and fitness of their officers."

Is there any apparent conflict between a subsequent judicial integration with a prior legislative integration? There should not be if each department remains within the scope of its constitutional function.

The court in the case of *Re Opinion of the Justices*, 279 Mass. 607, 180 N.E. 725 (1932), deemed legislative enactments concerning qualifications for admission to practice as an aid to the courts in performance of their duties. The court further acknowledged that some statutes have been enacted in the exercise of the police power to protect the public from those deficient in ability, learning, or moral qualities, and thus incapable of maintaining the high standard of conduct to be expected by members of the bar. However, the court emphasized that no statute can control the judicial department in the performance of its duty to decide who shall enjoy the privilege of practicing law.

The court explained that some statutes respecting admissions to the bar, which afford appropriate instrumentalities for ascertaining the qualifications of applicants, are not an encroachment on the judicial department. They are convenient to enable the judiciary to perform this duty. The court cited as an example the statute establishing the state board of bar examiners. Statutes of that nature are valid insofar as they do not infringe on the right of the judicial department to determine who shall exercise the privilege of practicing in the courts and under what circumstances and with what qualifications persons shall be admitted to that end. The court's point of delineation was that statutes specifying qualifications and accomplishments will be regarded as fixing the minimum and not as setting the bounds beyond which the judicial department cannot go. The court stated it would regard such specifications as limitations, not upon the judicial department, but upon the individuals seeking admission to the bar. The court emphasized there was no power in the legislative department to compel the judicial department to admit as attorneys those deemed to be unfit to perform the duties and exercise the prerogatives of an attorney at law.