[No. 47383–8.  En Banc.  November 5, 1981.]

HAGAN & VAN CAMP, P.S., *Respondent,* v.
KASSLER ESCROW, INC., *Petitioner.*

*Jones, Grey & Bayley, P.S.,* by *Charles F. Vulliet, Charles H. Thulin,* and *Deborah A. Elvins,* for petitioner.

*Reed, Otterstrom & Giesa, P.S.,* by *John P. Giesa* and *D.*

*Roger Reed,* for respondent.

DIMMICK, J.—Is RCW 19.62 authorizing escrow agents and other lay persons to perform certain actions with regard to real estate or personal property transactions constitutional? We hold, affirming the trial court, that the legislative action violates Const. art. 4, § 1 inasmuch as therein the Supreme Court is given the exclusive power to regulate the practice of law.

Defendant petitioner is a registered escrow agent under the Escrow Agent Registration Act, RCW 18.44, and employs licensed escrow officers for closing real estate transactions. Petitioner closed several real estate transactions and in the process prepared documents and performed other services. Two of these transactions involved earnest money agreements specifying that the place of closing was to be the office of the plaintiff/respondent, a law firm. Respondent brought suit alleging that the escrow company had engaged in the unauthorized practice of law in violation of RCW 2.48.170, .180 and .190. Respondent sought a permanent injunction enjoining petitioner from performing any acts constituting the practice of law.

Subsequent to the filing of the action, the legislature enacted RCW 19.62 authorizing certain lay persons to perform tasks relating to real estate transactions. Specifically, the act allows escrow agents and officers to

> select, prepare, and complete documents and instruments relating to such loan, forbearance, or extension of credit, sale, or other transfer of real or personal property, limited to deeds, promissory notes, deeds of trusts, mortgages, security agreements, assignments, releases, satisfactions, reconveyances, contracts for sale or purchase of real or personal property, and bills of sale . . .

RCW 19.62.010(2).[1]

---

[1] RCW 19.62.010 reads in full:

"The following individuals, firms, associations, partnerships, or corporations:

"(1) Any person or entity doing business under the laws of this state or the United States relating to banks, trust companies, bank holding companies and their affiliates, mutual savings banks, savings and loan associations, credit unions,

Petitioner, in reliance upon the statute, moved to dismiss the action for injunctive relief, which motion was denied by the trial court. Respondent moved for, and the trial court granted, a partial summary judgment declaring RCW 19.62 unconstitutional.

█ The line between those activities included within the definition of the practice of law and those that are not is oftentimes difficult to define. Recently, in *Washington State Bar Ass'n v. Great W. Union Fed. Sav. & Loan Ass'n*, 91 Wn.2d 48, 586 P.2d 870 (1978), we concluded that preparation of legal instruments and contracts that create legal rights is the practice of law.

The "practice of law" does not lend itself easily to precise definition. However, it is generally acknowledged to include not only the doing or performing of services in the courts of justice, throughout the various stages thereof, but in a larger sense includes legal advice and counsel and the preparation of legal instruments by which legal rights and obligations are established. Fur-

---

insurance companies, title insurance companies and their duly authorized agents exclusively engaged in the title insurance business, federally approved agencies or lending institutions under the National Housing Act; or

"(2) Any escrow agent or escrow officer subject to the jurisdiction of the department of licensing; when acting in such capacity in connection with a loan, forbearance, or other extension of credit, or closing, or insuring title with respect to any loan, forbearance, or extension of credit or sale or other transfer of real or personal property, may select, prepare, and complete documents and instruments relating to such loan, forbearance, or extension of credit, sale, or other transfer of real or personal property, limited to deeds, promissory notes, deeds of trusts, mortgages, security agreements, assignments, releases, satisfactions, reconveyances, contracts for sale or purchase of real or personal property, and bills of sale, provided:

"(a) No such person or entity makes an additional charge for the selection, preparation, or completion of any such document or instrument;

"(b) All parties to the transaction are given written notice substantially as follows: IN CONNECTION WITH THE . . . (describe the transaction) . . . (name of person or entity) . . . SELECTS, PREPARES, AND COMPLETES CERTAIN INSTRUMENTS OR DOCUMENTS WHICH MAY SUBSTANTIALLY AFFECT YOUR LEGAL RIGHTS, BUT IS DOING SO FOR ITS OWN BENEFIT AND TO PROTECT ITS OWN INTEREST IN THIS TRANSACTION. IF YOU HAVE ANY QUESTION REGARDING SUCH DOCUMENTS OR INSTRUMENTS OR YOUR RIGHTS, YOU SHOULD CONSULT AN ATTORNEY OF YOUR CHOICE; and

"(c) No attorney or other agent had previously been designated in writing by a party to such documents or instruments to select and prepare the same."

ther, selection and completion of preprinted form legal documents has been found to be the "practice of law."

The services at issue here are ordinarily performed by licensed attorneys, involve legal rights and obligations, and by their very nature involve the practice of law. We thus must agree with the trial court's conclusion that the selection and completion of form legal documents, or the drafting of such documents, including deeds, mortgages, deeds of trust, promissory notes and agreements modifying these documents constitutes the practice of law.

(Citations omitted.) *Great Western,* at 54–55.

The statute in question is a direct response to our holding. We reaffirm that definition. RCW 19.62 authorizes a lay person involved with real estate transactions to "select, prepare, and complete documents and instruments" that affect legal rights. As such the statute allows the practice of law by lay persons. Petitioner requests this court to redefine the practice of law so that the conduct allowed by the statute does not constitute the practice of law. Petitioner asserts that there is a trend allowing lay persons to perform certain services such as those authorized by RCW 19.62 and our holding RCW 19.62 unconstitutional would not protect the public in any way. We disagree.

It is the duty of the court "to protect the public from the activity of those who, because of lack of professional skills, may cause injury whether they are members of the bar or persons never qualified for or admitted to the bar." *Great Western,* at 60. Even the simplest of conveyances may involve issues of taxation, estate planning, future interests, water rights, equitable conversion, covenants, equitable servitudes, easements, statute of frauds and contract law. As stated in *Washington State Bar Ass'n v. Washington Ass'n of Realtors,* 41 Wn.2d 697, 712, 251 P.2d 619 (1952) (Donworth, J., concurring), "there is no such thing as a simple legal instrument in the hands of a layman." Even escrow agents who may be well trained in certain aspects of conveyancing could face complexities that are beyond the scope of that escrow agent's knowledge. Additionally, the agent could fail to identify and address obscure issues.

A dangerous flaw of RCW 19.62 lies in the fact that it virtually gives free rein to almost anyone of any degree of intelligence to perform any task related to real property or personal property transactions. Arguably, any employee of banks, trust companies, bank holding companies, savings and loans, credit unions, insurance companies, or any federally approved agencies or lending institutions under the National Housing Act, as well as escrow agents and officers, may select, complete and prepare a host of documents in connection with any loan, closing, sale or transfer of any real or personal property.

Petitioner cites cases in Minnesota, Georgia, Wisconsin and Rhode Island as an indication of a trend upholding legislation similar to RCW 19.62.[2] Our reading of those cases, however, does not lead us to that conclusion. Petitioner's discussion of the cases does not address the distinctions in the constitutions of the various states. In addition, the statutes enacted in those states were limited in their application. No jurisdiction has upheld a statute as broad as RCW 19.62 authorizing the wholesale practice of law by a large group of lay persons.

Alternately, petitioner contends that the definition of the practice of law, as it now exists, should not be applied by this court to escrow agents. This assertion is based upon the fact that escrow agents must comply with state licensing requirements (RCW 18.44.010 *et seq.*) and with warning provisions notifying parties to seek legal advice if desired. RCW 19.62.010(2)(b). This argument focuses on who is performing the services rather than the nature and character of the services. This is clearly counter to prior case law. *Great Western*, at 54; *Washington Ass'n of Realtors*, at 699. In addition, if the agent is practicing law, a license and warning does not satisfy RCW 2.48.170,

---

[2] The cases petitioner cites are: *Georgia Bar Ass'n v. Lawyers Title Ins. Corp.*, 222 Ga. 657, 151 S.E.2d 718 (1966); *Cowern v. Nelson*, 207 Minn. 642, 290 N.W. 795 (1940); *Creditors' Serv. Corp. v. Cummings*, 57 R.I. 291, 190 A. 2 (1937); *State ex rel. Reynolds v. Dinger*, 14 Wis. 2d 193, 109 N.W.2d 685 (1961).

.180, and .190.[3] Such agent is not held to the high standards of conduct and competence required of an attorney. *See* Code of Professional Responsibility, EC 3–3[4]—even though the statute attempts to require a similar standard.[5]

---

[3]RCW 2.48.170 provides:

"No person shall practice law in this state subsequent to the first meeting of the state bar unless he shall be an active member thereof as hereinbefore defined: *Provided,* That a member of the bar in good standing in any other state or jurisdiction shall be entitled to appear in the courts of this state under such rules as the board of governors may prescribe."

RCW 2.48.180 provides:

"Any person who, not being an active member of the state bar, or who after he had been disbarred or while suspended from membership in the state bar, as by this chapter provided, shall practice law, or hold himself out as entitled to practice law, shall be guilty of a misdemeanor: *Provided, however,* Nothing herein contained shall be held to in any way affect the power of the courts to grant injunctive relief or to punish as for contempt."

RCW 2.48.190 provides:

"No person shall be permitted to practice as an attorney or counselor at law or to do work of a legal nature for compensation, or to represent himself as an attorney or counselor at law or qualified to do work of a legal nature, unless he is a citizen of the United States and a bona fide resident of this state and has been *admitted to practice law in this state: Provided,* That any person may appear and conduct his own case in any action or proceeding brought by or against him, or may appear in his own behalf in the small claims department of the justice's court: *And provided further,* That an attorney of another state may appear as counselor in a court of this state without admission, upon satisfying the court that his state grants the same right to attorneys of this state."

[4]Ethical Consideration 3–3 provides:

"A non–lawyer who undertakes to handle legal matters is not governed as to integrity or legal competence by the same rules that govern the conduct of a lawyer. A lawyer is not only subject to that regulation but also is committed to high standards of ethical conduct. The public interest is best served in legal matters by a regulated profession committed to such standards. The Disciplinary Rules protect the public in that they prohibit a lawyer from seeking employment by improper overtures, from acting in cases of divided loyalties, and from submitting to the control of others in the exercise of his judgment. Moreover, a person who entrusts legal matters to a lawyer is protected by the attorney–client privilege and by the duty of the lawyer to hold inviolate the confidences and secrets of his client."

[5]RCW 19.62.020 reads in full:

"Notwithstanding any provision of RCW 19.62.010, in the event any individual, firm, association, partnership, or corporation described in RCW 19.62.010 selects, prepares, or completes any document or instrument in connection with a

The statute fails to consider who is to determine whether such agents and employees of banks, etc., are possessed of the requisite skill, competence and ethics. Only the Supreme Court has the power to make that determination through a bar examination, yearly continuing legal education requirements, and the Code of Professional Responsibility. The public is also protected against unethical attorneys by a ·client's security fund maintained by the Washington State Bar Association.

Petitioner further contends that even if the court finds that the activities authorized by RCW 19.62 are the practice of law, the services rendered are within an exception to the general prohibition against lay persons practicing law. We have recognized this exception when a party to a legal document selects, prepares or drafts the document or represents himself in court proceedings. Both of these exceptions are based upon a

> belief that a layperson may desire to act *on his own behalf* with respect to *his* legal rights and obligations without the benefit of counsel.
>
> The "pro se" exceptions are quite limited and apply only if the layperson is acting solely *on his own behalf.*

*Washington State Bar Ass'n v. Great W. Union Fed. Sav. & Loan Ass'n,* 91 Wn.2d 48, 57, 586 P.2d 870 (1978). *See also* Code of Professional Responsibility EC 3–5.[6] The

---

transaction described in RCW 19.62.010, such individual, firm, association, partnership, or corporation shall be held to a standard of care equivalent to that of an attorney had such attorney selected, prepared, or completed any such instrument or document."

[6]Ethical Consideration 3–5 provides:

"It is neither necessary nor desirable to attempt the formulation of a single, specific definition of what constitutes the practice of law. Functionally, the practice of law relates to the rendition of services for others that call for the professional judgment of a lawyer. The essence of the professional judgment of the lawyer is his educated ability to relate the general body and philosophy of law to a specific legal problem of a client; and thus, the public interest will be better served if only lawyers are permitted to act in matters involving professional judgment. Where this professional judgment is not involved, non–lawyers, such as court clerks, police officers, abstracters, and many governmental employees, may engage in occupations that require a special knowledge of law in certain areas. But

instant statute also attempts to establish this exception by specific language. RCW 19.62.010(2)(a), (b).

■ Petitioner asserts that it falls within this "pro se" exception because as escrow agent it was a party to the documents and it charged no additional fees for the service. The interest of an escrow agent in the real estate transaction is not substantial enough to allow the services performed by it to fall within the exception. *See State Bar v. Arizona Land Title & Trust Co.,* 90 Ariz. 76, 366 P.2d 1 (1961); *Oregon State Bar v. Security Escrows, Inc.,* 233 Or. 80, 377 P.2d 334 (1962). The petitioner in performing the services authorized by the statute was not acting solely on its own behalf. Simply stating the proposition does not make it accurate. Petitioner may have had a substantial interest in insuring the documents were correct but it did not have a substantial interest in the transaction itself. Petitioner relies heavily upon the fact that no additional charges were made for the services. Petitioner relies on the holding in *Great Western* to support this aspect of its argument. Such reliance is misplaced. Great Western did charge a fee so the court expressly limited its holding in the case to a situation where a fee is charged. The fact of compensation is irrelevant, however, except as to provide evidence of the fact that a lay person is acting for another. *Great Western,* at 57. We have clearly held that it is the nature and character of the service rendered rather than the fact of compensation for it that governs. *Washington State Bar Ass'n v. Washington Ass'n of Realtors,* 41 Wn.2d 697, 699, 251 P.2d 619 (1952). Realistically, since these businesses are profit–making ventures, compensation is inherent.

Petitioner's activities and those activities authorized by RCW 19.62 constitute the practice of law and do not come within any exception. Inasmuch as RCW 19.62 authorizes lay persons to perform services we have defined as the

the services of a lawyer are essential in the public interest whenever the exercise of professional legal judgment is required."

practice of law, it must fall. The statutory attempt to authorize the practice of law by lay persons is an unconstitutional exercise of legislative power in violation of the separation of powers doctrine.

Const. art. 4, § 1 provides in pertinent part: "judicial power of the state shall be vested in a supreme court . . ." An essential concomitant to express grants of power is the inherent powers of each branch. *See generally In re Juvenile Director,* 87 Wn.2d 232, 552 P.2d 163 (1976). Inherent power is that

> authority not expressly provided for in the constitution but which is derived from the creation of a separate branch of government and which may be exercised by the branch to protect itself in the performance of its constitutional duties.

*In re Juvenile Director,* at 245.

■ It is a well established principle that one of the inherent powers of the judiciary is the power to regulate the practice of law. *In re Bruen,* 102 Wash. 472, 172 P. 1152 (1918). *See also Graham v. Washington State Bar Ass'n,* 86 Wn.2d 624, 548 P.2d 310 (1976); *State v. Cook,* 84 Wn.2d 342, 525 P.2d 761 (1974); *In re Schatz,* 80 Wn.2d 604, 497 P.2d 153 (1972); *State ex rel. Laughlin v. Washington State Bar Ass'n,* 26 Wn.2d 914, 176 P.2d 301 (1947); *In re Levy,* 23 Wn.2d 607, 161 P.2d 651, 162 A.L.R. 805 (1945). Other jurisdictions are in accord. *See, e.g., In re Kaufman,* 69 Idaho 297, 302–03, 206 P.2d 528 (1949); *Public Serv. Comm'n v. Hahn Transp., Inc.,* 253 Md. 571, 253 A.2d 845 (1969); *In re Patton,* 86 N.M. 52, 54, 519 P.2d 288 (1974); *State ex rel. State Bar v. Bonded Collections, Inc.,* 36 Wis. 2d 643, 649, 154 N.W.2d 250 (1967). The court's powers include the power to admit one to the practice of law and this necessarily encompasses the power to determine qualifications and standards.

The court, in *Graham,* citing to *Sharood v. Hatfield,* 296 Minn. 416, 425, 210 N.W.2d 275 (1973), held that the

regulation of the practice of law and "'the power to make the necessary rules and regulations governing the bar was intended to be vested exclusively in the supreme court, free from the dangers of encroachment either by the legislative or executive branches.'" 86 Wn.2d at 633. "The unlawful practice of law by laymen is a judicial matter addressed solely to the courts." *Washington Ass'n of Realtors*, at 707.

Since the regulation of the practice of law is within the sole province of the judiciary, encroachment by the legislature may be held by this court to violate the separation of powers doctrine. The separation of powers doctrine is a fundamental principle of the American political system. For a historical discussion of the doctrine and its importance, see *In re Juvenile Director*, at 238–43. We have previously held:

> The legislative, executive, and judicial functions have been carefully separated and, notwithstanding the opinions of a certain class of our society to the contrary, the courts have ever been alert and resolute to keep these functions properly separated. To this is assuredly due the steady equilibrium of our triune governmental system. The courts are jealous of their own prerogatives and, at the same time, studiously careful and sedulously determined that neither the executive nor legislative department shall usurp the powers of the other, or of the courts.

*In re Bruen*, at 478.

Thus, the power to regulate the practice of law is solely within the province of the judiciary and this court will protect against any improper encroachment on such power by the legislative or executive branches. In passing RCW 19.62, allowing lay persons to practice law, the legislature impermissibly usurped the court's power. Accordingly, RCW 19.62 is unconstitutional as a violation of the separation of powers doctrine.

We affirm the trial court's summary judgment on the constitutional issue as well as that court's refusal to dismiss

the request for injunctive relief. The cause is hereby remanded for trial.

BRACHTENBACH, C.J., and ROSELLINI, STAFFORD, UTTER, DOLLIVER, HICKS, WILLIAMS, and DORE, JJ., concur.

Reconsideration denied January 20, 1982.