684 P.2d 509

**UNITED STATES of America, Plaintiff,**

v.

**Donaldo A. MARTINEZ and Lawrence A. Tapia, Defendants.**

**No. 15411.**

Supreme Court of New Mexico.

July 21, 1984.

William L. Lutz, U.S. Atty., Jennifer A. Salisbury, Asst. U.S. Atty., Albuquerque, for plaintiff.

Donald A. Martinez, Las Vegas, pro se.

Donald D. Vigil, Albuquerque, for defendant Tapia.

**OPINION**

FEDERICI, Chief Justice.

This case was certified to this Court by the United States District Court for the District of New Mexico. The issue before us is whether the pro se appearance as a party defendant of the Honorable Donaldo A. Martinez, District Judge of the New Mexico Fourth Judicial District, in a lawsuit pending before the United States District Court for the District of New Mexico constitutes the practice of law in violation of NMSA 1978, Code of Judicial Conduct, Canon 5(F) (Repl.Pamp.1983). We hold that it does not.

■ Canon 5(F) provides that "[a] judge should not practice law." The Supreme Court of New Mexico has the exclusive right to regulate the practice of law. *State Bar v. Guardian Abstract & Title Co.*, 91 N.M. 434, 575 P.2d 943 (1978); *In re Patton*, 86 N.M. 52, 519 P.2d 288 (1974). This Court has never fully defined what constitutes the practice of law. Each case is determined in light of its own facts. *Sparkman v. State Board of Bar Examiners*, 77 N.M. 551, 425 P.2d 313 (1967). The practice of law is usually interpreted to entail the representation of others. *See* 7 Am.Jur.2d *Attorneys at Law*, § 101 (1980). The illegal practice of law generally is found when "a layman, as part of his regular course of conduct, resolves legal questions for another * * * *" *Guardian Abstract*, 91 N.M. at 439, 575 P.2d at 948. In *State ex rel. Norvell v. Credit Bureau of Albuquerque, Inc.*, 85 N.M. 521, 526, 514 P.2d 40, 45 (1973), this Court stated that, inter alia, "representation of parties before judicial or administrative bodies," or "giving legal advice and counsel" would constitute the practice of law. Representing one's self in a legal proceeding does not constitute practicing law. *See State ex rel. Frohmiller v. Hendrix*, 59 Ariz. 184, 124 P.2d 768 (1942). In the case of *Connor v. Cal-Az Properties, Inc.*, 137 Ariz. 53, 668 P.2d 896 (App.1983), the court held that lawyers representing themselves in a property action were not entitled to attorney fees since, by representing themselves, they were not practicing law. The court said, "Even though the buyers in this case were themselves all attorneys, and carried out tasks ordinarily performed by lawyers,

their activities did not constitute the practice of law because they represented themselves." *Id.* at 56, 668 P.2d at 899.

In addition, self-representation by a judge in a proceeding against him in another court is not incompatible with his judicial responsibilities and duties, nor does it violate public policy. A judge enjoys the Sixth Amendment right to self-representation in the first stages of a criminal action and a qualified right to appear pro se in a civil action. U.S. Const.amend. VI. *See* 24 A.L. R.4th 430 (1983). This right, coupled with the principle that self-representation does not constitute the practice of law, compels the conclusion that the Honorable Donaldo A. Martinez may appear pro se as a party defendant in a proceeding before the United States District Court without violating NMSA 1978, Code of Judicial Conduct, Canon 5(F) (Repl.Pamp.1983).

IT IS SO ORDERED.

SOSA, Senior Justice, and RIORDAN, STOWERS and WALTERS, JJ., concur.