[Nos. 15287-8-II; 15288-6-II;   Division Two.   April 14, 1993.]
15289-4-II.

*In the Matter of the Welfare of* M.T.,
ET AL.

*John A. Hayes,* for appellant (appointed counsel for appeal).
*C.C. Bridgewater, Prosecuting Attorney,* for respondent.

MORGAN, J. — Jane Doe[1] appeals superior court orders terminating her parental rights to three children, M.T., B.G., and C.S. We affirm.

Doe is the biological mother of M.T., B.G., and C.S. In May 1989, Victoria Payton, a social worker for the Department of Social and Health Services (DSHS), filed petitions alleging that each of the three children was dependent. Each petition was filed in Payton's name as an individual, rather than in the name of the State or DSHS. Each was signed by Payton, but not by an attorney.

In June 1989, the trial court ruled that each child was dependent. Those rulings were not appealed.

In September 1990, Debra Marker, another social worker for DSHS, filed petitions asking that Doe's parental relationship with each child be terminated. These petitions were signed by Marker, but not by an attorney.

Doe filed a motion to strike the dependency and termination petitions on grounds that Payton and Marker were engaging in the unauthorized practice of law.[2] On December 18, 1990, the trial judge orally ruled that filing dependency and termination petitions constituted the practice of law, and that dependency and termination petitions required the signature of an attorney authorized to practice law in the state of Washington. The judge went on to rule, however, that Doe's motion to strike was untimely with regard to the dependency petitions and that the dependency petitions would stand. He ruled that the termination petitions would be stricken unless a new one for each child was signed by an attorney and filed within 24 hours.

DSHS was represented by the Cowlitz County Prosecuting Attorney, and within 24 hours a deputy in that office

---

[1] Jane Doe is a pseudonym.

[2] Doe's motion and supporting brief only attacked Marker's termination petition. For reasons not clear from the record, however, the trial judge ruled on both Payton's dependency petition and Marker's termination petition. Like the trial judge, then, we treat Doe's motion as if it had attacked both the dependency and termination petitions.

signed and filed a new termination petition for each child. The matter proceeded, and in August 1991, the court signed orders terminating Doe's parental rights to each child.

Doe does not assign error to the trial court's finding that her children were abused and neglected. Additionally, she does not now argue that the trial court lacked discretion to allow DSHS to amend the termination petitions so as to add an attorney's signature.[3]

At this time, Doe's sole challenge is that the termination order on each child was invalid because not preceded by a properly signed dependency petition. She reasons that (1) a termination order is invalid unless preceded by a valid dependency order, (2) a dependency order is invalid unless preceded by a properly signed dependency petition, and (3) a dependency petition is not properly signed unless signed by an attorney. Because each of the dependency petitions in this case lacked the signature of an attorney, Doe concludes that the termination order on each child was invalid.

It is undisputed that subject to exceptions not pertinent here, a termination order is invalid unless preceded by a valid order of dependency. RCW 13.34.180. Additionally, it is undisputed that a dependency order must be preceded by a properly signed dependency petition. JuCR 1.4(a) (Superior Court Civil Rules apply in juvenile proceedings not involving a juvenile offense); CR 11 (initial pleading must be signed); RCW 13.34-.040 (dependency petition must be verified). Finally, it is undisputed that a dependency petition can be properly signed only by one who possesses the authority to sign.

---

[3]In any event, it is clear that the trial court did not abuse its discretion when it allowed DSHS to file an amended termination petition within 24 hours. JuCR 4.2(b) provides: "A petition [for termination of parental rights] may be amended as provided in rule 3.5." JuCR 3.5 provides:

"A petition may be amended at any time. The court shall grant additional time if necessary to insure a full and fair hearing on any new allegations in an amended petition." Here, the amended termination petition added an attorney's signature, but it did not make any new allegations. Its filing was within the bounds of JuCR 3.5.

The question, then, is whether Payton had the authority to sign. To answer that question, we inquire whether she was statutorily authorized to sign and, if she was, whether the Supreme Court has preempted that authorization by exercising its power to control the practice of law.

■ The Legislature has authorized nonattorneys to file petitions for dependency. RCW 13.34.040 states, in part:

> Any person may file with the clerk of the superior court a petition showing that there is within the county, or residing within the county, a dependent child and praying that the superior court deal with such child as provided in this chapter[.]

Therefore, Payton was statutorily authorized to sign each of the dependency petitions in this case.

Doe argues that this legislative authorization is insufficient. Citing *State Bar Ass'n v. Great Western Union Fed. Sav. & Loan Ass'n*, 91 Wn.2d 48, 586 P.2d 870 (1978), she says that signing a dependency petition constitutes the practice of law, and only the Supreme Court can authorize someone to practice law.

Without so holding, we assume that signing a dependency petition constitutes the practice of law. Further, we note that according to the Washington Supreme Court, the power "to regulate the practice of law lies within the sole jurisdiction of the courts." *Cultum v. Heritage House Realtors, Inc.*, 103 Wn.2d 623, 630, 694 P.2d 630 (1985); *Bennion, Van Camp, Hagan & Ruhl v. Kassler Escrow, Inc.*, 96 Wn.2d 443, 452-53, 635 P.2d 730 (1981). Thus, we assume that the Supreme Court could prohibit Payton from signing a dependency petition, notwithstanding the statutory authorization contained in RCW 13.34.040. *Cf. State Bar Ass'n v. Washington Ass'n of Realtors*, 41 Wn.2d 697, 699, 251 P.2d 619 (1952) (court has inherent judicial power to enjoin harmful practice of law, notwithstanding legislative authorization).

Assuming without holding that the Supreme Court could override Payton's statutory authorization, it has not done so. Indeed, it has expressly adopted a court rule that provides:

"Any person may file a petition alleging dependency." JuCR 3.2(a).

Doe relies on CR 11 to support her contention that a nonattorney cannot sign a dependency petition. However, that rule adds nothing to this case. It requires that an initial pleading be signed by the attorney for a party, when a party is represented by an attorney, or by the party, when a party is not represented by an attorney. Here, each of the dependency petitions was filed in Payton's name as an individual, and none was filed in the name of the State or DSHS. As a consequence, the requirements of CR 11 were met by her signature.

In conclusion, Payton had authority to sign the dependency petition on each child, and each such petition was validly signed and filed. Thus, the order of termination relating to each child was properly entered.

Affirmed.

ALEXANDER, C.J., and SEINFELD, J., concur.

Review denied at 122 Wn.2d 1003 (1993).