**In re Serge B. GUDMUNDSON, Disciplinary Proceeding.**

**No. 14580.**

Supreme Court of Utah.

Oct. 22, 1976.

Pete N. Vlahos, Vlahos & Knowlton, Ogden, for Gudmundson.

P. Keith Nelson, Salt Lake City, for State Bar Commission.

TIBBS, District Judge:

The Board of Commissioners of the Utah State Bar, after disciplinary proceedings, recommended that Serge B. Gudmundson, a licensed attorney in the State of Utah, be suspended from the practice of law until he can satisfy the Supreme Court that he is competent to practice law. The appellant seeks a reversal of the Board's findings. Their recommendation is affirmed.

These proceedings came about as a result of complaints by Verus N. Thornley and Charles T. Hales, former clients of Mr. Gudmundson. He was charged with failure to account for fees paid when so requested by his clients; failure to withdraw from cases when requested; failure to withdraw when he became physically incapable of continuing his work; substitution of counsel without consent of his client in the Thornley matter; neglect of a legal matter entrusted to him; failure to carry out his contracts of employment; and prejudice of his client's case by his actions.

The two complaints are similar, in that in both cases Mr. Gudmundson was retained to represent the client in criminal and in civil proceedings. He completed the criminal cases, or they were dismissed, but he failed to complete the civil cases for his clients. He did not keep them advised of the proceedings, made no accountings or

return of fees advanced until after he was civilly sued for return of fees.

Mr. Gudmundson's excuse in both cases was that he was physically disabled by eye cataract surgery in December 1975. The Hales proceedings commenced in October 1972, and the Thornley matter in September 1972. Both criminal proceedings were completed within a few weeks of the date counsel was retained. The civil matters were never completed.

An attorney charged with unprofessional conduct is entitled to due process of law in a fair and adequate hearing. In this case the appellant claimed that he was unable, because of physical disability, to attend the disciplinary hearing. He was, however, represented by counsel.

At the outset of the proceedings counsel for Mr. Gudmundson was asked if he had any objections to the proceedings on the grounds that the appellant's rights would be prejudiced by his absence. Counsel agreed to the hearing going forward at that time. The record indicates that there had already been numerous continuances extended to the appellant. The decision of the Hearing Examiner to proceed with the hearing, and his following the Rules of Evidence, was neither arbitrary, unfair, nor prejudicial to the rights of the appellant.

Appellant did not offer any evidence or information which changed the effects of the proof submitted by the complainants and other witnesses. The appellant had a reasonable opportunity to present evidence to refute the allegations contained in the complaints made against him. The appellant was not prohibited from introducing his evidence either by affidavit or his files to demonstrate the extent of his diligence and work product.

The record is supported by substantial and uncontroverted evidence. The appellant had the opportunity but declined to present positive evidence in rebuttal to that offered to the Commission.

The Commissioners' findings are affirmed and recommendation is approved and Serge B. Gudmundson is suspended from the practice of law in the State of Utah until he can demonstrate to this court that he is able to resume the practice in a competent and responsible manner.

CROCKETT, ELLETT and MAUGHAN, JJ., concur.

HENRIOD, C. J., and TUCKETT, J., do not participate herein.