**In re James Murrell JONES.**

**No. 19095.**

Supreme Court of Utah.

Feb. 8, 1985.

Joseph H. Bottom, Ogden, for appellant.

James M. Jones, pro se.

C. Jeffry Paoletti, Salt Lake City, for respondent.

HOWE, Justice:

Petitioner James Murrell Jones appeals from a recommendation of the Board of Commissioners of the Utah State Bar to this Court that he be disbarred from the practice of law in this state.

After a jury trial, Jones was convicted of two felony counts of theft by deception. We affirmed the convictions, *State v. Jones*, Utah, 657 P.2d 1263 (1982), and denied his petition for rehearing. We denied a subsequent motion for disbarment filed by the Board of Commissioners and instructed the Board to afford petitioner a hearing and to make recommendations to this Court based upon that hearing. After a hearing before a panel of the Board of Commissioners, the Board recommended that Jones be disbarred by this Court. Petitioner raises two issues on appeal. First, he was not allowed an opportunity to offer to the hearing panel evidence mitigating his felony convictions. Second, Rule 32 of the Rules of Integration and Management of the Utah State Bar, which requires mandatory disbarment upon a felony conviction, violates constitutional due process requirements.

 Although Rule 32 mandates that Jones be automatically disbarred, the Board afforded Jones the procedural protections and rights found in Rule II(A) of the Rules of Discipline of the Utah State Bar and Rule II, section 4 and Canon 1, DR 1–102(A)(4) of the Revised Rules of Professional Conduct of the Utah State Bar. Under the latter rule, the Board must exercise its discretion whether to recommend disbarment of an offending attorney. It did so by holding a hearing and affording Jones the opportunity to present mitigating evidence that would justify discipline short of disbarment. The record clearly demonstrates that the hearing panel gave petitioner's attorney the opportunity to present mitigating evidence. Petitioner declined to personally appear at the hearing, and his counsel chose to present no evidence. Inasmuch as petitioner was afforded this opportunity but chose not to exercise it, he was not denied due process. *In re Gudmundson*, Utah, 556 P.2d 212 (1976). We adopt the Board of Bar Commissioners' recommendation that he be disbarred.

It is ordered that James Murrell Jones be disbarred from the practice of law in the courts of this state effective upon the issuance of the remittitur.

HALL, C.J., and DURHAM, J., concur.

STEWART, Justice (concurring):

I agree that the order of disbarment in this case should be sustained. I do not agree, however, that a licensed attorney should be automatically disbarred for conviction of any felony, as Rule 32 of the Rules of Integration and Management of the Utah State Bar appears to require. If Rule 32 were limited to convictions of felonies which are *malum in se*, automatic disbarment would be justified. However, we live in a day when the statutes of the United States and the State of Utah create numerous crimes which are punishable as felonies even though they are only *malum prohibitum* and do not involve moral turpitude. As to such crimes, it seems to me that Bar sanctions should be applied on a case-by-case basis so that the nature of the crime and the degree of culpability of the attorney are considered in determining the severity of the sanction imposed. I do not mean to say that no sanction should be imposed when an attorney commits a crime that is only *malum prohibitum*, but suspension for a given period, or some other remedy, may be more proportionate to the conduct than automatic disbarment.

In the instant case I agree that conviction of two felony counts of theft by deception is clearly an adequate ground for disbarment.

ZIMMERMAN, J., concurs in the concurring opinion of STEWART, J.