In re DISCIPLINARY ACTION OF John S. DAVIS.

No. 870051.

Supreme Court of Utah.

April 29, 1988.

John S. Davis, pro se.

Jo Carol Nesset–Sale, Salt Lake City, for Utah State Bar.

ZIMMERMAN, Justice:

John S. Davis challenges the recommendation of the Board of Commissioners of the Utah State Bar that he be disbarred. Davis raises several arguments. Specifically, he asserts that the Utah State Bar ("the Bar") lacked jurisdiction over him at the time it made its recommendation, that the dismissal of earlier disciplinary proceedings precluded the filing of a later complaint alleging the same conduct, and that disbarment for a minimum period of five years is excessive and inequitable punishment under the circumstances of this case. We adopt the Bar's recommendation and order Davis disbarred.

The matters leading up to the present Bar disciplinary proceedings date back to 1978. In that year, Davis was hired by Joseph Mascaro and Charley Joseph, as partners, to represent them in connection with certain real estate transactions in Provo, Utah. The following year, Davis negotiated a sale of partnership property to Chatillion Corporation ("Chatillion"). Under the terms of the transaction, Chatillion was to pay the partnership $141,000 in cash and transfer to it property valued at $240,000. In partial performance of its obligations, Chatillion gave Davis, as representative of the Joseph/Mascaro partnership, a check for $100,000. Davis diverted approximately $74,000 of this money to his personal use without authorization from either Joseph or Mascaro. He later received additional money from Chatillion for the partnership and misappropriated an additional $19,000.

In 1980, Mascaro and a third party brought a civil action against Davis and Joseph, seeking to recover the Joseph/Mascaro partnership funds that Chatillion had paid to Davis. Davis agreed with Joseph that he would represent both of them in the civil action. Davis then failed to answer the complaint, and a default judgment was entered against the two for $300,000. Thereafter, Davis was deposed concerning the whereabouts of the funds paid by Chatillion. He falsely testified, under oath, that he was still holding the funds in a trust account, although he refused to disclose the location of the account. It was later determined that Davis lied in the deposition; he had spent the money.

Criminal charges were brought against Davis for theft. He was convicted by a jury of second degree felony theft. The trial judge reduced the conviction to a third degree felony. Davis was placed on probation and ordered to pay restitution to the victims.[1]

In 1982, a screening panel of the Ethics and Discipline Committee of the Bar determined that a formal complaint should issue, and complaint number F-137 was filed. This complaint alleged that Davis misappropriated his clients' money, intentionally permitted a default to be entered against him and his client in a civil action, and violated several provisions of the Revised Rules of Professional Conduct of the Utah State Bar.[2] Bar counsel later petitioned this Court, requesting that Davis be suspended from the practice of law pending final resolution of the pending complaint. The Bar contended that such a step was necessary to protect the public. On March 7, 1983, we granted the Bar's petition for interim suspension.

---

1. For a more thorough explanation of the facts surrounding the criminal and civil cases, see this Court's decision affirming Davis's conviction. *State v. Davis,* 689 P.2d 5 (Utah 1984).

2. Formal complaint F-137 alleged violations of the Revised Rules of Professional Conduct of the Utah State Bar, rule II, section 3 for Davis's failure to pay or deliver his clients' money within a reasonable time; rule IV, Canon 1, DR 1-102(A)(3), (4), (5), and (6) for illegal misconduct involving dishonesty, fraud, deceit and moral turpitude and for engaging in practices prejudicial to the administration of justice and for action that adversely reflects on Davis's fitness to practice law; and rule IV, Canon 9, DR 9-102(B)(3) and (4) for failing both to maintain complete and proper records of client funds and to promptly pay or deliver client funds when requested to do so by his clients.

As of January 1, 1988, this Court has adopted new Rules of Professional Conduct which supersede prior rules of conduct and define the duties, obligations, and requirements for the practice of law in the State of Utah. Utah Rules of Professional Conduct (effective January 1, 1988).

In January of 1984, following Davis's criminal conviction, Bar counsel amended complaint F–137 to add a count alleging that Davis engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation[3] and had been convicted of a crime involving moral turpitude.[4] Bar counsel also requested that this Court enter a judgment of disbarment based on Davis's conviction on theft charges.[5] In 1985, the Bar Ethics and Discipline Committee reviewed the allegations of count II of complaint F–137 and voted to issue a separate formal complaint against Davis encompassing the allegations of count II of the amended version of complaint F–137. This separate formal complaint was issued as complaint number F–190.

Upon stipulation of Davis and Bar counsel, complaint F–190 was dismissed without prejudice in April of 1985 and reissued as complaint number F–198, alleging only ethical violations arising out of Davis's criminal conviction. Complaint F–137 was also dismissed. Complaint F–198 was heard by a Bar Disciplinary Hearing Panel. The panel found that Davis's actions violated the Revised Rules of Professional Conduct and the Rules of Discipline. The panel recommended that Davis be disbarred. The Board of Commissioners of the Utah State Bar reviewed the recommendation of the panel and accepted it. That recommendation was then forwarded to this Court.

■ Davis first argues that the Bar lacked jurisdiction to proceed against him because he was on interim suspension when complaint F–198 was filed. This claim is utterly without merit. Interim suspension in no way operates to deprive the Bar or this Court of the power to impose sanctions for improper conduct, even when that conduct may also have been the basis for the issuance of an order of interim suspension. Interim suspension is simply a mechanism invoked by this Court to remove an attorney from practice pending a final determination of disciplinary charges when it reasonably appears that the public may otherwise be harmed. Until an attorney is permanently removed from the rolls of those licensed to practice before the courts of this state, that attorney is always subject to the disciplinary jurisdiction of the Bar and this Court. *In re Disciplinary Action of McCune*, 717 P.2d 701, 704–05 (Utah 1986); Utah Const. art. VIII, § 4 (1896, repealed and reenacted 1985);[6] Utah Code Ann. § 78–51–12 (1987).

■ Davis next argues that the Bar was precluded from proceeding against him on the charges contained in complaint F–198 by principles of res judicata or estoppel. He contends that the substance of the allegations in complaint F–198 was contained in complaints F–137 and F–190, which were both dismissed. These dismissals, Davis claims, amounted to adjudications in his favor that bar further prosecution.

This argument has no merit. The dismissal of complaints F–137 and F–190 did not amount to a disposition of the charges they contained. The dismissal of those complaints and the filing of complaint F–198 were mere technical housekeeping matters that had nothing to do with the merits of the complaints. But if there were any question about the matter, it is dispelled by the stipulation Davis signed agreeing to

3. *See id.* rule IV, Canon 1, DR 1–102(A)(4).

4. *See* Rules of Discipline of the Utah State Bar, rule II(a) (1981).

5. *See* Revised Rules of Professional Conduct of the Utah State Bar, rule II, § 4 (1937); Rules for Integration and Management of the Utah State Bar, rule C, ¶ 23 (1985).

6. Prior to July 1, 1985, this Court regulated the practice of law under its inherent powers flowing from article VIII, section 1 of the Utah Constitution. *In re Disciplinary Action of McCune*, 717 P.2d 701, 704 (Utah 1986); *In re Utah State Bar Petition*, 647 P.2d 991, 992 (Utah 1982); *In re Integration and Governance of Utah State Bar*, 632 P.2d 845, 846–47 (Utah 1981) (Maughan, J., concurring and dissenting); *Ruckenbrod v. Mullins*, 102 Utah 548, 558–60, 133 P.2d 325, 330 (1943). In the 1984 general election, voters approved a complete revision of the judicial article, article VIII, effective July 1, 1985. Utah Const. art. VIII, compiler's notes. The new article VIII, section 4 expressly gives the Supreme Court the power to govern the practice of law and to discipline Bar members.

the dismissal of complaints F–137 and F–190 without prejudice, subject to review by the Bar screening committee to determine the propriety of issuing a formal complaint on the allegations in count II of complaint F–137. A new complaint, number F–198, was then filed, raising only the allegations of count II of complaint F–137, and it is that complaint on which the Bar quite properly proceeded against Davis.

 Davis's last claim is that the recommended punishment of at least five years' disbarment is too severe. We disagree. Davis misappropriated almost $100,000 of his clients' money,[7] and he breached a fiduciary duty he swore to uphold. To compound matters, he intentionally failed to defend a civil action filed against his client in hopes that his defalcation would escape discovery, and then he lied under oath about the fact that he had spent the money. Davis was convicted of theft of his clients' money, a crime of moral turpitude, and has consistently failed to produce any mitigating evidence.[8] For these reasons, we adopt the Board of Commissioners' recommendation and order that John S. Davis be disbarred.

HALL, C.J., HOWE, Associate C.J., and STEWART and DURHAM, JJ., concur.

---

7. In the criminal action, the state acknowledged Davis's possible entitlement to approximately $20,000 for legal fees and therefore charged him with theft of $73,279.45 rather than the full $93,279.45 which he had unauthorizedly used for personal expenditures.

8. *See In re Jones,* 696 P.2d 1215, 1216 (Utah 1985) (Jones failed to present any mitigating circumstances at his hearing to justify discipline short of disbarment after being convicted of two felony counts of theft by deception).